637 So.2d 1080 (1994)
James M. LAIN, et al.
v.
The CREDIT BUREAU OF BATON ROUGE, INC.
No. CA 93 1166.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
Rehearing Denied June 27, 1994.
*1081 Gordon A. Pugh, Emile C. Rolfs, III, Breazeale, Sachse & Wilson, Baton Rouge, for defendant-appellant The Credit Bureau of Baton Rouge, Inc.
Jerry F. Davis, Mr. J. Peyton Parker, Jr., Baton Rouge, for plaintiffs-appellees James M. Lain, et al.
Before CARTER, LeBLANC and WHIPPLE, JJ.
WHIPPLE, Judge.
This case is before us on appeal from a summary judgment granted in favor of plaintiffs, James M. Lain, A.L. Bryan, Capital American Acceptance Corporation, Economy Financing, Inc., Purvis Credit, Inc., Cooper Credit Corporation, Inc., Gibson Credit, Inc., and Union Credit Corporation of Louisiana (hereinafter referred to collectively as plaintiffs), and against defendant, The Credit Bureau of Baton Rouge, Inc. (hereinafter referred to as the Credit Bureau). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On February 11, 1992, plaintiffs initiated these proceedings by filing a petition against the Credit Bureau seeking to nullify amendments to and a restatement of the articles of incorporation of the Credit Bureau. Plaintiffs' petition sought to have the articles of *1082 incorporation, as amended and restated by a resolution adopted at a special membership meeting on April 30, 1991, declared null and void and of no effect. The petition also sought attorney's fees and legal expenses. In their petition, plaintiffs alleged that the notice of the special meeting wherein the resolution was adopted amending the articles of incorporation was not sent to all members; that the notice was untimely; that the notice was defective and insufficient; that the amendment to the articles of incorporation deprived former members of property interests and valuable rights in a manner contrary to law and equity; and that a quorum was not present at the membership meeting. The Credit Bureau answered the petition, generally denying the allegations contained therein, and asserting that the amendments were validly and legally adopted, and remained in full force and effect.
The Credit Bureau filed a motion for summary judgment, relying on numerous depositions and affidavits of the board of directors and employees of the Credit Bureau. Plaintiffs also filed a motion for summary judgment, relying on the articles of incorporation as they existed from 1980 until purportedly amended and restated on April 30, 1991; the amended and restated articles of incorporation purportedly adopted on April 30, 1991; the by-laws of the Credit Bureau; an affidavit of plaintiff, James M. Lain; and the affidavits previously filed by the Credit Bureau in support of its motion. Following a hearing on the opposing motions for summary judgment, the trial court denied defendant's motion and granted summary judgment in favor of plaintiffs.
The record herein establishes the following undisputed facts. The Credit Bureau was originally incorporated in 1923. The original articles of incorporation contained provisions regarding membership in the corporation, as well as provisions for amendment of the articles of incorporation. The Credit Bureau's articles were amended several times, in 1948, 1963, 1970, and 1980. The 1980 version of the articles was in effect when the 1991 amendments, which are the subject of this litigation, were purportedly adopted.
The articles of incorporation of the Credit Bureau, as they existed following the 1980 amendments, provided for membership in the corporation as follows:
Any person engaged in retail business, merchandise or service, shall be eligible for membership in this Corporation, and may be admitted to membership pursuant to the provisions and conditions established by the Board of Directors pursuant to By-Laws duly adopted.
The 1980 articles of incorporation also provided for the amendment of the articles, as follows:
These Articles may be amended or altered pursuant to a resolution duly adopted at a special meeting of the membership called for that purpose. No proxies will be allowed to vote at said special meeting. Each member shall be entitled to one (1) vote on the issue of amendment or alteration of the corporate charter.
In 1990, the board of directors of the Credit Bureau retained the services of Mr. Gordon A. Pugh, an attorney with the law firm of Breazeale, Sachse & Wilson, to study the corporate charter and by-laws and to make recommendations to the board of directors regarding any changes which should be made to the charter or bylaws. On March 5, 1991, the board of directors held a meeting and discussed the recommendations and proposed amendments made by Mr. Pugh. Mr. Pugh recommended two amendments to the articles of incorporation, namely that membership in the corporation should be limited to directors, and that upon liquidation or sale of the Credit Bureau, the proceeds would be distributed to a tax exempt organization.
At the March 5, 1991 meeting, the board of directors adopted a resolution calling for a special meeting of the general membership to vote on a resolution authorizing amendment of the articles of incorporation. Accordingly, the board of directors called an annual meeting of the general membership, together with a special meeting of the general membership, for April 30, 1991.
A notice of the annual and special meeting of the general membership was prepared by the Comptroller of the Credit Bureau. The notice stated that the purpose of the annual *1083 meeting was to elect directors. The notice also stated that the purpose of the special meeting was to consider a resolution which would provide for amendments to the articles of incorporation. The notice also tracked the precise wording of the proposed amended articles which were set forth as part of a recitation of all of the articles. The notices of the annual and special meeting were mailed to all members of the Credit Bureau on April 15, 1991.
The annual and special meeting of the general membership was held on April 30, 1991. According to the minutes of the meeting, ninety four (94) members were present at the meeting. The Credit Bureau has a general membership of over 1,200. The members in attendance voted in favor of the resolution, which amended the articles of incorporation concerning membership eligibility, to provide as follows:
The members of this Corporation shall be the Directors thereof who are elected in accordance with the By-Laws which are to be adopted by the Board of Directors. Any natural person qualifies as a director-member. There being only one class of membership, director-members may exercise all voting powers and other rights and privileges granted to members of a nonprofit corporation by the laws of the State of Louisiana.
Plaintiffs contend that they were unaware of the true effect of the resolution amending the articles of incorporation until after the vote was taken and certain directors representing a small segment of the prior membership exclaimed that they now owned the Credit Bureau. Upon realizing that the effect of the 1991 amendment was to eliminate over 1,200 members from membership in the corporation, and to vest membership solely in a small number of directors, the plaintiffs expressed their displeasure over the effect of the resolution. This lawsuit followed, in which plaintiffs sought to have the amendments declared null and void.
After a hearing on the parties' cross-motions for summary judgment, the trial court concluded that the notice of the special meeting was inadequate and thus, tantamount to no notice, and granted summary judgment in favor of plaintiffs, declaring the amended and restated articles of incorporation null and void and of no effect. The judgment also awarded attorney's fees in favor of plaintiffs and against defendant in the amount of $62,573.11. From this judgment, defendant appeals. Plaintiffs answered the appeal, seeking additional attorney's fees and costs incurred in connection with the appeal.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).

DISCUSSION
In written reasons for judgment, the trial court stated:
At the outset it must be understood that all parties agreed that no additional evidence of any nature or kind could or would be submitted to the court beyond that introduced during the hearing on October 23, 1992. In other words, a "trial on the merits" would involve nothing more than a reintroduction of the evidence already introduced on October 23, 1992. After eliminating certain issues as non determinative of the ultimate question of the nullity vel non of the 1991 Amendment to defendant's Articles of Incorporation, the court must decide only the fulcrum issue of the adequacy of the "Notice" of the meeting at *1084 which the 1991 Amendment to the Article was purportedly adopted. This determination is based on the court's consideration of the entire record in this case and in particular the wording of the "Notice", the "1991 Amendment" and the defendant's complete Articles of Incorporation. There remains "no genuine issue as to material fact" in this case....
The very profound effect on the "1991 Amendment" was to eliminate some 1212 members (or more) from membership in the corporation and vest membership solely in a small number of Directors. Was the wording of the "Amendment" and the "Notice" sufficient to adequately apprise the 1212 members of the corporation that they were being deprived of their membership in the corporation? No reasonably prudent person would arrive at that conclusion based on the vague and ambiguous wording of the "Amendment".... [T]he simple statement "If this Amendment is adopted, you will no longer be a member of the corporation which owns and operates the Credit Bureau of B.R., Inc." could have been put on the "Notice" and then the members would have been adequately advised of the effect of the proposed "Amendment". The "Notice" in this case was inadequate. An inadequate "Notice" is the equivalent of no notice at all and therefore summary judgment is granted in favor of plaintiffs' [sic] and against defendant as prayed for in plaintiffs' petition.
Thus, relying on LSA-R.S. 12:226,[1] the trial court concluded that the corporation's board of directors had breached a fiduciary duty owed to its members, by transmitting inadequate and insufficient notice of the special meeting, which resulted in the exclusion of over 1,200 members from the corporation.
On appeal, defendant contends that the amendments which were made to its charter on April 30, 1991, were in compliance with applicable provisions of the Louisiana Nonprofit Corporation Law, LSA-R.S. 12:201, et seq., and the provisions of its charter and by-laws. Defendant contends that the trial court erred in failing to consider LSA-R.S. 12:237, which provides, in pertinent part:
A. A corporation may amend its articles in compliance with any method stipulated in its articles.
B. If the articles do not stipulate a method of amendment, or do not stipulate in detail the procedure for amendment thereof, an amendment altering the articles may be adopted by two-thirds in interest of the voting members present, at any annual or special meeting of members the notice of which set forth the proposed amendment or a summary of the changes to be made thereby. For purposes of this Subsection, a majority of the members shall constitute a quorum and a quorum must be present at the meeting at which the amendment to the articles is to be considered. The notice of such meeting must be transmitted to the members not less than thirty days prior to the meeting.
Defendant argues that the membership resolution amending the articles of incorporation was valid. Defendant contends that in accordance with LSA-R.S. 12:237(A), the articles of the Credit Bureau adequately provided a method for amendment, i.e., at a special meeting. Thus, defendant argues, section 237(B) does not apply herein to govern amendments to the Credit Bureau's charter. Defendant asserts that having provided a "method" in the articles, the procedural requirements of notice, quorum, and voting are governed by the corporation's by-laws and the general provisions of the Louisiana Non-Profit Corporation Law.
Defendant submits that the by-laws of the Credit Bureau only require written notice of the time, place and purpose of membership meetings at least ten days prior to the meeting; and notes that LSA-R.S. 12:230, which deals generally with membership meetings, also requires only ten days notice. Defendant contends that the corporation's by-laws, *1085 which address the quorum requirements for a membership meeting, only require that a quorum consist of those members present. Finally, citing LSA-R.S. 12:232(G), defendant contends that only a majority of votes cast was necessary to adopt the resolution and to amend the articles of incorporation. Thus, according to defendant, all of the procedural requirements as mandated by the corporation's charter, by-laws, or by operation of law, have been met.
We first note that defendant's reliance on the general provisions of the Louisiana Non-Profit Corporation Law is flawed. The provisions cited by defendant deal with membership meetings in general, and all contain the wording "unless otherwise provided in this Chapter." Louisiana Revised Statute 12:237 is a specific statute relating to meetings called for the special purpose of amending the articles of incorporation. As Louisiana Revised Statute 12:237 states, the articles must provide the method or detailed procedure for amendment. As the statute plainly provides, the method or detailed procedure must be set forth in the articles and not, as defendant contends, in the by-laws or by more general provisions of the Louisiana Non-Profit Corporation Law.
In the case before us, it is clear that if section (B) of LSA-R.S. 12:237 is applicable, the purported amendment of the articles of incorporation of the Credit Bureau was invalid. Thus, the issue presented to this court is whether the mandates of section (B) of LSA-R.S. 12:237 apply. Section (A) recognizes the authority of a corporation to set forth in its articles of incorporation a method for amendment of its articles. However, section (B) is applicable where the articles do not stipulate a method of amendment, or if the articles do not stipulate in sufficient detail the procedure for amendment. We conclude that the wording of LSA-R.S. 12:237(A) and (B) contemplates that, in order for a corporation to avoid the requirements provided in section (B), its articles of incorporation must, in some detail, contain provisions for the methods and procedures for amendment.
In this case, Article XI of the Credit Bureau's articles states that the articles of incorporation may be amended or altered pursuant to: (1) a resolution, (2) adopted at a special meeting, (3) called for the purpose of amending the articles. The article further states that no proxies are allowed to vote and that each member is entitled to one vote. We cannot conclude that this provision outlined in any meaningful or adequate detail the methods and procedures to be utilized for amending the articles of incorporation. The provision contained in the Credit Bureau's articles of incorporation is silent regarding timeliness of the notice of the special meeting; the information to be specified in the notice; the percentage of votes required for a resolution to pass; or the percentage of members required to be present to constitute a quorum. Contrary to defendant's arguments, these requirements were not satisfied by reliance upon provisions found in the by-laws or general corporation law.
Because the above-cited provision in the Credit Bureau's articles of incorporation does not sufficiently set forth the "method" to be utilized in amending the corporate charter, the provisions of LSA-R.S. 12:237(B) are applicable. This subsection states that a majority of the members shall constitute a quorum and that a quorum must be present at the meeting at which the amendment to the articles is to be considered. In this case, it is undisputed that a quorum of members was not present at the April 30, 1991, meeting. As appellant concedes, only 94 of the 1,210 members were present. Additionally, section (B) requires that notice of such a meeting must be transmitted to the members not less than thirty days prior to the meeting. The affidavits presented by defendant set forth that the notices were mailed on April 15, 1991, and that the meeting was held on April 30, 1991.
Accordingly, the membership resolution which would have authorized the amending of the charter of the Credit Bureau to make only the directors the members of the corporation was not legal. See Schexnayder v. Vacherie Volunteer Fire Department No. 1, 491 So.2d 1322, 1326 (La.1986). As stated above, we hold that the minimum requirements set forth in LSA-R.S. 237(B) must be *1086 met unless the corporation's articles provide a sufficiently detailed manner for amendment by the membership. As appellees note in their brief, to hold otherwise would constitute judicial approval of situations wherein a corporation's directors (as opposed to its members) could create by-laws which, by accident or design, allow or limit charter amendments in a manner prejudicial to the rights of the members.
While the trial court may have failed to address the provisions of LSA-R.S. 12:237 and instead relied on LSA-R.S. 12:226, we nonetheless conclude, based on our review of the undisputed facts and applicable law, that the trial court's judgment, which granted plaintiffs' motion for summary judgment, is correct. Thus, the summary judgment granted in favor of plaintiffs, decreeing the amendments to the articles of incorporation null and void and of no effect, is hereby affirmed.

AWARD OF ATTORNEY'S FEES
In their original petition and motion for summary judgment, plaintiffs sought an award of attorney's fees and legal costs incurred in this litigation. In the lower court, the parties disputed plaintiffs' entitlement to an award of attorney's fees, but stipulated that in the event attorney's fees were awarded, the appropriate amount recoverable was $62,573.11. The trial court awarded attorney's fees in the amount stipulated. On appeal, defendant contends that the award was erroneous and that plaintiffs are not entitled to recover attorney's fees. Plaintiffs answered the appeal, requesting that this court award additional attorney's fees and costs incurred in connection with this appeal.
It is well settled in our jurisprudence that attorney's fees are not due and owing a successful litigant unless specifically provided for by contract or by statute. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015 (La.1984). Moreover, attorney's fee statutes are construed strictly because an award of attorney's fees is exceptional and penal in nature. Frank L. Beier Radio, Inc., 449 So.2d at 1015-1016.
The trial court relied on LSA-R.S. 12:227(A) and (C) in concluding that plaintiffs were entitled to recover attorney's fees. Defendant argues that the trial court erred in relying on LSA-R.S. 12:227 as justification for the award because that provision contemplates indemnification for expenses incurred by a director, officer or employee named as a defendant by reason of the fact that he is or was a director, officer or employee of the corporation. According to appellant, R.S. 12:227 is intended "to protect directors, officers and employees against claims made against them, not claims made by them."
We are unable to agree with defendant's narrow reading of LSA-R.S. 12:227. Section (A) provides that "[a] corporation may indemnify any person who was or is a party or is threatened to be made a party to any action, suit or proceeding, ... against expenses (including attorneys' fees), ..." Moreover, LSA-R.S. 12:227(C) authorizes the court to order indemnification under section (A).
Words and phrases of a statute are to be read in context and construed according to their common meaning. Succession of Brown, 468 So.2d 794, 796 (La.App. 1st Cir. 1985). In this case, the statute utilizes the word party rather than defendant. Thus, we find no support for defendant's assertion that LSA-R.S. 12:227 applies only when the party seeking indemnification is a defendant.
Defendant also contends that plaintiffs are not entitled to an award of attorney's fees because the suit was not brought "by reason of the fact that he is or was a director, officer, employee or agent of the corporation." We disagree and find no error in the trial court's conclusion that plaintiffs were entitled to attorney's fees. This assignment of error is without merit.
Plaintiffs answered the appeal, requesting an additional award for attorney's fees and costs incurred in connection with this appeal. We have allowed an increase in attorney's fees when the increase was warranted because the appeal had necessitated additional work on the attorney's part. Thornton v. Department of Public Safety, 536 So.2d 595, 598 (La.App. 1st Cir.1988).
*1087 Plaintiffs' attorney herein answered the appeal, prepared an appellate brief, and participated in oral argument. An additional award of $1,000.00 under these circumstances is reasonable.

CONCLUSION
For the above and foregoing reasons, we affirm the trial court's judgment granting plaintiffs' motion for summary judgment. The judgment awarding attorney's fees in favor of plaintiffs is also affirmed. Judgment is hereby rendered, awarding plaintiffs additional attorney's fees of $1,000.00. Costs of this appeal are assessed against defendant, The Credit Bureau of Baton Rouge, Inc.
AFFIRMED IN PART; RENDERED IN PART.
LeBLANC, J., dissents and assigns reasons.
LeBLANC, Judge, dissenting.
In my opinion, LSA-R.S. 12:237 B does not apply because the articles of the Credit Bureau of Baton Rouge, Inc. clearly provide a method for amending its articles.
NOTES
[1] LSA-R.S. 12:226(A) provides:

A. Officers and directors shall be deemed to stand in a fiduciary relation to the corporation and its members, and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions.