986 So.2d 202 (2008)
Wyatt WHITE, Sr., et al., Plaintiff-Appellant,
v.
ST. ELIZABETH B.C. BOARD OF DIRECTORS, Defendant-Appellee.
No. 43,329-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*203 Murphy J. White, Mansfield, for Appellant.
Robert L. Pittard, for Appellee.
Before BROWN, WILLIAMS and GASKINS, JJ.
WILLIAMS, J.
The plaintiffs, Wyatt White, Sr., Moses White, Sr. and Mary Henry, appeal a judgment *204 in favor of the defendant, St. Elizabeth Baptist Church Board of Directors. The district court sustained the defendant's exception of prematurity, dismissing the plaintiffs' claims. For the following reasons, we affirm in part, reverse in part and render.

FACTS
In 1994, St. Elizabeth Baptist Church, located in DeSoto Parish, was incorporated as a nonprofit corporation and articles of incorporation were filed with the secretary of state pursuant to LSA-R.S. 12:201 et seq. The record indicates that on October 2, 2007, the St. Elizabeth Baptist Church Board of Directors ("the Board") mailed notice to church members that a meeting for the purpose of amending the articles of incorporation would be held on October 13, 2007. At the meeting, although attorney Murphy White asked Board members to stop the proceeding on the grounds of inadequate notice and the absence of a quorum, the members present voted to adopt the amended articles. However, the Board did not file the amended articles with the secretary of state.
On October 24, 2007, the plaintiffs, Wyatt White, Sr., Moses White, Sr. and Mary Henry, filed a "Petition to Arrest, and Declare Null and Void Proposed Articles of Incorporation," naming the Board as defendant. After being served with the petition, the defendant's attorney advised plaintiffs by letter that the Board agreed that the proposed amended articles were invalid due to defective notice and lack of a quorum. The letter stated that the Board did not intend to make the proposed amendments effective by filing with the secretary of state. After the plaintiffs refused to dismiss their petition for mental anguish damages and attorney fees, defendant filed exceptions of prematurity and no cause of action.
After a hearing on the exceptions, the district court sustained the exception of prematurity, denied the exception of no cause of action and took under advisement the issue of attorney fees. Subsequently, the district court rendered judgment dismissing plaintiffs' action and denying their request for attorney fees. The plaintiffs appeal the judgment.

DISCUSSION
In two assignments of error, the plaintiffs contend the district court erred in sustaining the exception of prematurity. Plaintiffs argue that the defendant should be enjoined from taking any further action based upon the articles of incorporation because the Board acted without giving 30 days' notice of the meeting and without a quorum present.
An amendment altering the articles of incorporation may be adopted by two-thirds of the voting members present at any annual or special meeting. A majority of the members shall constitute a quorum, which must be present at the meeting at which the amendment to the articles is to be considered. The notice of such meeting must be transmitted to the members not less than thirty days prior to the meeting. LSA-R.S. 12:237(B). After an amendment has been duly adopted, the articles of amendment shall be filed with the secretary of state. The amendment shall be effective as of the date of filing with the secretary of state. LSA-R.S. 12:238.
LSA-C.C.P. art. 926 provides for the dilatory exception raising the objection of prematurity. The exception of prematurity raises the issue of whether the judicial cause of action has yet come into existence because a prerequisite condition has not been fulfilled. Plaisance v. Davis, 03-0767 (La.App. 1st Cir.11/7/03), 868 So.2d 711. Prematurity is determined *205 by the facts existing at the time the lawsuit is filed. Plaisance, supra.
Courts may declare rights, status and other legal relations of parties whether or not further relief is or could be claimed. LSA-C.C.P. art. 1871. A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation and the declaratory judgment will remove uncertainty or terminate the dispute. White v. Board of Directors of St. Elizabeth Baptist Church, 42,903 (La. App.2d Cir.1/9/08), 974 So.2d 164, writ denied, 08-0300 (La.3/28/08), 978 So.2d 311; Williams v. City of Baton Rouge, 02-0339 (La.App. 1st Cir.2/14/03), 848 So.2d 9.
In this case, the record shows that when the plaintiffs' attorney advised the Board at the time of the meeting that the proceeding did not comply with the statutory requirements for notice and a quorum, the Board nevertheless conducted a vote to amend the articles of incorporation. The Board's action indicated an intent to go forward with the amendments despite being notified that the procedure was not valid under the statute. The Board did not express a contrary intent to plaintiffs prior to the filing of this lawsuit. Only after being served with the petition did the Board contact the plaintiffs by letter acknowledging the defective notice and lack of a quorum and seeking a dismissal of the lawsuit.
In its appellate brief, the Board argues that the plaintiffs' action cannot accrue until the Board files the purported amendments with the secretary of state. The Board also contends that once it notified plaintiffs of its intent not to file the amended articles, the plaintiffs' claim became moot. In support of its position, the Board cites Council of City of New Orleans v. Sewerage and Water Board, 06-1989 (La.4/11/07), 953 So.2d 798. In the Council case, the court found that the legal questions between the parties became moot or hypothetical upon the settlement of their dispute. However, in this case, there has not been any settlement between the plaintiffs and the Board.
Although the Board's letter to plaintiffs stated an intent not to file the amended articles with the secretary of state, there is nothing to prevent the Board from attempting to implement the amended articles whether or not the amendments have been filed with the secretary of state. In holding the earlier vote to amend the articles despite untimely notice and the absence of a quorum, the Board has already shown its willingness to act without complying with the statutory requirements. According to the board's theory of prematurity, the plaintiffs must wait an indefinite length of time to find out whether the Board will subsequently decide to file the amended articles with the secretary of state, requiring the plaintiffs to then return to court to urge the same claims raised in this case. The authority cited by the Board does not require such a result.
Contrary to the Board's contention, the filing of the amendments with the secretary of state's office is not the deciding factor in determining whether the plaintiffs' action has accrued, since LSA-R.S. 12:238 is applicable after an amendment of the articles "has been duly adopted as provided in R.S. 12:237...." Thus, the Board's failure to comply with the notice and quorum requirements of Section 237 affected the plaintiffs' interests as members of the nonprofit corporation. Additionally, in Lain v. Credit Bureau of Baton Rouge, Inc., 93-1166 (La.App. 1st Cir.4/8/94), 637 So.2d 1080, writ denied, 94-2010 (La.11/4/94), 644 So.2d 1049, the court found that the purported amendment of the articles of incorporation was null and void based upon the untimely notice of *206 the meeting and the lack of a quorum. The court's decision did not depend on the issue of whether the amendment had been filed with the secretary of state.
Here, at the time the plaintiffs filed their petition, the Board had taken action to amend the articles of incorporation, purporting to affect plaintiffs' interests as members of the church. Thus, the plaintiffs' cause of action based upon the Board's failure to comply with the requirements of LSA-R.S. 12:237 for amending the articles was not premature. Consequently, the district court erred in sustaining the exception of prematurity. We note that the Board does not dispute that the amended articles are not valid due to the lack of timely notice and the absence of a quorum at the meeting held on October 13, 2007. Therefore, we shall render judgment declaring that the amendments to the articles of incorporation are null and void.

Attorney Fees
The plaintiffs contend the district court erred in refusing to award attorney fees. Louisiana courts have held that attorney fees are not due and owing a successful litigant unless specifically provided for by contract or by statute. Moreover, statutes authorizing attorney fees are construed strictly because an award of attorney fees is exceptional and penal in nature. Frank L.Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984); Lain, supra. LSA-R.S. 12:227(A) provides that a nonprofit corporation may indemnify any person who was or is a party to any action, suit or proceeding by reason of the fact that he is or was a director, officer, employee or agent of the corporation, against expenses, including attorney fees, actually and reasonably incurred by him in connection with such action or proceeding.
Citing Lain, supra, the plaintiffs contend they are entitled to recover attorney fees pursuant to LSA-R.S. 12:227(A). In the Lain case, the court concluded that credit bureau members who filed suit against the nonprofit corporation were entitled to recover attorney fees under Section 227(A). In our interpretation of the provisions of the Nonprofit Corporation Law, this court may seek guidance from cases interpreting similar provisions of Louisiana's Business Corporation Law, LSA-R.S. 12:1 et seq. See Mary v. Lupin Foundation, 609 So.2d 184 (La.1992). In a case applying LSA-R.S. 12:83(A), a provision virtually identical in terms to Section 227(A), this court affirmed the award of attorney fees to a shareholder who filed suit against a corporation and its directors. See Hirsch v. Cahn Electric Co., Inc., 29,327 (La.App.2d Cir.5/9/97), 694 So.2d 636, writ denied, 97-1561 (La.10/3/97), 701 So.2d 200. Accordingly, we conclude that plaintiffs are entitled to an award of reasonable attorney fees in this case.
In determining reasonable attorney fees the factors to be considered include the result obtained, the amount involved, the skill of the attorney, the amount of work necessarily undertaken and the number of appearances made. State DOTD v. Williamson, 597 So.2d 439 (La.1992). In this case, the plaintiffs' attorney filed a petition and a motion to reconsider the judgment sustaining the exception of prematurity. Plaintiffs' counsel attended the special meeting in October 2007 and presented argument at the hearing on the exceptions. The attorney apparently spent numerous hours compiling a list of members and interviewing many of them regarding the timeliness of the notice they received. However, most of that time was not necessary, since knowledge that several members did not receive timely notice would have sufficed. After *207 considering the applicable factors and the record of this case, we conclude that an award of $1,500 is a reasonable attorney fee.

CONCLUSION
For the foregoing reasons, that part of the district court's judgment sustaining the dilatory exception of prematurity and denying an award of attorney fees is reversed, and the judgment is otherwise affirmed.
Judgment is hereby rendered declaring that the amendments to the articles of incorporation are null and void, and awarding attorney fees of $1,500 to the plaintiffs, Wyatt White, Sr., Moses White, Sr. and Mary Henry. Costs of this appeal are assessed to appellee, St. Elizabeth Baptist Church Board of Directors.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.