LOLLEY, J.
 

 |Jn this appeal, plaintiffs, Frederick Lucky and Lucky-Moore Farm Trust (collectively “Lucky”), appeal the judgment of the 26th Judicial District Court, Parish of Bossier, State of Louisiana, which sustained the dilatory exception of prematurity filed by Fite Oil & Gas, Inc. (“Fite”). Lucky’s claims against Fite were dismissed without prejudice. For the following reasons, we affirm the trial court’s judgment.
 

 Facts
 

 Lucky owns immovable property in Bossier Parish, Louisiana. In May 2005, he entered into various oil, gas and mineral leases with Fite. The leases included various provisions, among those that the lessee must: access the lease from Mayflower Road across Red Chute Bridge; maintain adequate fencing around the wells to prevent cattle and livestock from entering the drilling area; and, maintain Red Chute Bridge in a reasonable condition. Further, paragraph 12 of the leases specifically states that:
 

 [I]n the event Lessor considers that operations are not being conducted in compliance with this contract, Lessee shall be notified in writing of the facts relied upon as constituting a breach and Lessee shall have sixty (60) days after receipt of such notice to comply with the obligations imposed by virtue of this instrument.
 

 In June 2008, EnCana acquired from Fite all of its right, title and interest in and to the 2005 leases between Lucky and Fite, limited to the depths deeper than 100 feet below the Petit Formation.
 

 On August 18, 2008, Lucky sent a letter to EnCana advising it of Fite’s alleged breaches of the leases and calling for the termination of the leases. EnCana responded to Lucky’s letter on September 2, 2008, by ^denying liability with respect to the wells. EnCana also stated in its letter that the claims should be directed to Fite and that it had forwarded Lucky’s letter to Fite.
 

 On September 15, 2008, Lucky responded in a letter to Fite and EnCana again noting certain alleged breaches of the leases and demanding a cancellation of the leases. Lucky also requested a recordable act evidencing extinction of the leases from Fite and EnCana, which refused to provide the releases.
 

 Subsequently, Lucky filed this petition against Fite and EnCana for the dissolution of the leases. Fite and EnCana responded with various exceptions, including these exceptions of prematurity. After a hearing on the exceptions, the trial court entered judgments sustaining the exceptions of prematurity based on the relevant lease provisions, statutory law and jurisprudence. The trial court also ordered that all of Lucky’s claims be dismissed without prejudice.
 
 [1]
 
 Following entry of the
 
 *733
 
 judgments in favor of Fite and EnCana, Lucky compromised and settled his claims with EnCana. This appeal by Lucky against Fite ensued; to which EnCana is not a party.
 

 Discussion
 

 Louisiana C.C.P. art. 926 provides for the dilatory exception raising the objection of prematurity. The exception of prematurity addresses the issue of whether a judicial cause of action has yet come into existence because a prerequisite condition has not been fulfilled.
 
 White v. St. Elizabeth B.C. Bd. of Directors,
 
 48,329 (La.App.2d Cir.06/04/08) 986 So.2d 202,
 
 writ denied,
 
 2008-1440 (La.10/10/08), 993 So.2d 1284. An action will be deemed premature when it is brought before the right to enforce it has accrued.
 
 LaCoste v. Pendleton Methodist Hasp., L.L.C.,
 
 2007-0008 (La.09/05/07), 966 So.2d 519. Prematurity is determined by the facts existing at the time the lawsuit is filed.
 
 White, supra.
 
 The burden of proving prematurity is on the exceptor.
 
 LaCoste, supra.
 

 Lucky was Contractually Bound to Provide Notice
 

 In his first assignment of error, Lucky argues that the trial court erred as a matter of law in sustaining Fite’s dilatory exception of prematurity. Lucky argues that its claims against Fite were related to the destruction of the property, not a breach related to the operations under the leases, which breach would require notice under the terms of the lease. Further, Lucky maintains that his claims were not those which require a “putting in default” as stated in La. R.S. 31:136.
 

 Lucky’s lawsuit against Fite was premature because Lucky was
 
 contractually
 
 bound to first notify Fite of any breach of the lease. In this case, Lucky and Fite entered into four separate mineral leases, each of which contained the following provision:
 

 [I]n the event Lessor considers that operations are not being conducted in compliance with this contract,
 
 Lessee shall be notified in uniting
 
 of the facts relied upon as constituting a breach and
 
 Lessee shall have sixty (60) days after receipt of such notice to comply
 
 with the obligations imposed by virtue of this instrument.
 

 (Emphasis added).
 

 |4It is undisputed that Lucky informed EnCana, Fite’s sublessee, by letter on August 15, 2008, of Fite’s alleged breaches under the leases. However, this August 15th letter to EnCana was
 
 not
 
 sufficient notice pursuant to the leases, even if En-Cana subsequently forwarded the letter to Fite, because the lease provision clearly envisions notice provided by the “Lessor” (i.e., Lucky) to the “Lessee” (i.e., Fite). Fite remained the lessee under the mineral leases, despite the assignment of certain, limited rights to EnCana — the assignment did not change the terms of the lease as between Lucky and Fite. Thus, Lucky and Fite continued to be bound by the terms of the leases, including the Paragraph 12 obligation to notify Fite, the lessee, of any breach under the leases.
 

 The trial court characterized the application of the provision as a “technicality,” given the fact that EnCana subsequently forwarded the letter to Fite. However, contracts have the effect of law for the parties, even if the contractual terms are “technicalities.” La. C.C. art. 1983. The leases between Fite and Lucky created a legal relationship with contractual duties
 
 *734
 
 between the parties, and as stated, Lucky was legally bound to provide written notice to Fite of any alleged breach. The August 15th letter was not sent by Lucky to Fite; in fact, the only written notice sent by Lucky to Fite was inside the sixty day window created by the leases. Therefore, Lucky did not properly notify Fite of its alleged breaches pursuant to the terms of the leases.
 

 Considering the fact that Lucky was contractually bound to provide notice to Fite pursuant to the leases, we believe that Lucky’s reliance on |
 
 Broussard v. Hilcorp Energy Co.,
 
 2009-0449 (La.10/20/09), 24 So.3d 818, is misplaced. The
 
 Broussard
 
 court determined that La. R.S. 31:136 (or “Article 136 of the Mineral Code”) was inapplicable in light of the plaintiffs specific claims. In
 
 Broussard,
 
 the plaintiffs alleged that the defendants negligently conducted their oil and gas operations on the property, resulting in contamination of the property that required restoration. The Louisiana Supreme Court examined Article 136 of the Mineral Code, which states in pertinent part:
 

 If a mineral lessor seeks relief from his lessee arising from drainage of the property leased or from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator, he must give his lessee written notice of the asserted breach to perform and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease.
 

 As
 
 Broussard
 
 did not involve issues of drainage of the property, the focus by the court was on that portion of the article requiring notice for “any other claim that the lessee has failed to develop and operate the property leased as a prudent operator.” Noting that the terms “develop” and “operate” are terms of art in the oil and gas industry, the
 
 Broussard
 
 court ultimately determined that the claims at issue related to the remediation/restoration of property and that there were no allegations that the defendants had failed to properly develop and operate the leases, as those terms are understood in the industry.
 
 Id.,
 
 at 820.
 

 Here, had the leases failed to contain Paragraph 12 requiring written notice to Fite,
 
 Broussard
 
 would be controlling and Article 136 of the Mineral Code would dictate. However, the leases in question in this case |6contain the specific provision requiring written notice to Fite “of the facts relied upon as constituting a breach[.]” Thus, Lucky was contractually bound, and considering the facts at hand, the filing of his lawsuit against Fite was premature. The trial court did not err in sustaining Fite’s exception of prematurity.
 

 Dismissal of Lucky’s Claims
 

 Lucky also argues that the trial court erred in dismissing all of the claims, because he presented claims separate and apart from and outside of the leases. Again, we disagree.
 

 Our examination of Lucky’s petition and amended petition indicate that all of his claims are related to Fite’s alleged breach of the lease terms. As alleged by Lucky in Paragraph 5 of the petition, “Fite’s operations have been conducted in direct contradiction of the specific terms and conditions of the Leases.” The petition then proceeds to enumerate some of the conduct by Fite that Lucky alleges served to breach the contract. In fact, Fite describes the conduct in subsequent paragraphs as “breaches” of the lease agreements. Even if Fite’s conduct in allegedly breaching the leases resulted in claims outside of the lease, those claims were not so alleged, and the trial court properly dismissed without prejudice all of Lucky’s
 
 *735
 
 claims against Fite. This assignment of error is without merit.
 

 Conclusion
 

 Considering the foregoing, we affirm the trial court’s judgment sustaining the exception of prematurity filed by Fite Oil & Gas, Inc. and dismissing without prejudice the claims of appellants, Frederick M. Lucky |7and Lucky-Moore Farm Trust. All costs of this appeal are assessed to the appellants.
 

 AFFIRMED.
 

 [1]
 

 . Subsequently, Lucky requested clarification concerning the trial court's ruling, particular
 
 *733
 
 ly whether the ruling concerned all of his claims or only those incidental to the lease provisions. The trial court concluded that there were no claims raised outside of the lease; therefore, the ruling applied to all of Lucky’s claims against Fite and EnCana.