468 So.2d 794 (1985)
In the Matter of SUCCESSION OF Festus C. BROWN.
No. 84-CA-0198.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*795 Nita R. Gorrell, Hammond, for plaintiffappellee.
Walton J. Barnes, II, Zachary, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
The heirs of Festus C. Brown appeal a judgment of partition, which gives Mary Boudreaux Brown Sullivan half of the property and orders the other half partitioned by licitation. We reverse and remand.
In 1923 Festus Brown married Mary Boudreaux, and in 1925 he purchased an eighty-acre tract of land, which is now at issue in this partition controversy. The Browns were divorced in 1940.[1] Mrs. Brown remarried, and for years she lived in Illinois.
Festus Brown died intestate in 1968 or 1969. His heirs are the five children of Festus and Mary Boudreaux Brown Sullivan. In 1971, Mrs. Sullivan moved back to Louisiana onto the property now in question, and in December 1981, she was appointed administratrix of the succession.
Mrs. Sullivan and Wallace W. Brown, one of the heirs, subsequently filed a petition for partition in kind. Alleging that the land was community property, they sought to have Mrs. Sullivan declared the owner of the west forty acres of the eighty-acre tract[2] and to have the east forty acres divided among the five heirs by the drawing of lots for eight-acre parcels. Three of the remaining heirs answered, seeking to have the entire property partitioned by licitation, alleging that it could not be conveniently divided without diminution of value.[3]
The trial judge did the partition in two steps. First, he partitioned the community property in kind by giving Mrs. Sullivan forty acres and the heirs the remaining forty acres, reasoning that since it was community property he was compelled to apply LSA-R.S. 9:2801, which sets up a *796 special procedure for community property partitions between spouses. The trial judge then ordered that the heirs' forty acres be partitioned by licitation.
The question before us, which appears to be res nova, is whether 9:2801 applies to the partition of former community property which is now owned in indivision by the ex-wife and heirs of the deceased. We conclude that it does not. Section 2801 provides in pertinent part:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with the following rules:
LSA-R.S. 9:2801 (emphasis added). By its own terms section 2801 applies to a controversy between the spouses. Words and phrases are to be read in context and construed according to their common meaning. LSA-R.S. 1:3. A statute which by its own terms applies to community property partitions between the spouses cannot be extended by analogy to all partitions involving community property. There is a presumption that no unnecessary words or provisions were used in a law, that is, that no language is meaningless or superfluous. Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984). To hold that 9:2801 applies to this partition between the deceased's ex-wife and his heirs would require us to ignore that presumption and treat as mere surplusage the italicized portions of the statute.
Furthermore, a review of the legislative history reveals no indication that the legislature intended a broader application.[4] This statute sets up a detailed procedure for the valuation and allocation of community assets and liabilities, seeking to make community property partitions as fair as possible. It gives the judge the discretion to consider all of the facts and circumstances, and fashion a workable and equitable partition. The general rules give only two options for judicial partitions: partition in kind or by licitation. Section 2801 allows in addition the allocation of assets and liabilities and the drawing of lots. By making partition by licitation available only as a last resort, it avoids the injustice of one party with superior buying power buying the property at a judicial sale at a depressed price, and thus being enriched at the other party's expense. All of these procedures were designed to remedy problems with partitions between the spouses, not between ordinary co-owners of property.
Mrs. Sullivan's claim to half of the property at issue is based on community property law. Nonetheless the partition controversy is not between spouses; it is between ordinary co-owners, i.e., an ex-wife and the five heirs. Hence 9:2801 has no application, and consequently the general rules of judicial partition, LSA-C.C. arts. 1323 et seq., apply. We therefore reverse the trial court's judgment and remand for a reconsideration of the entire partition in view of our holding. Costs of this appeal are assessed against appellees.
REVERSED AND REMANDED.
NOTES
[1] Mrs. Sullivan testified that no community property partition or settlement of any kind was ever made.
[2] The petition states that Mrs. Sullivan is the surviving spouse in community, and therefore owner of one-half of the community property. The conclusion is correct, but the reasoning is wrong. When Mr. Brown died, Mrs. Sullivan was not his spouse; they had been divorced for almost thirty years. But since the community property was never partitioned, she and Mr. Brown remained co-owners of that property.
[3] The heirs also contended that the property was their father's separate property, but the trial court held that it was community property, and the heirs did not appeal that ruling. Thus that issue is res judicata.
[4] See Tape of Hearings on S. 261 Before the Civil Law and Procedure Comm., Regular Sess. (1982); Tape of Hearings on H. 1625 Before the Civil Law and Procedure Comm., Extra Sess. (1981); Minutes of Meeting of Senate Comm. on Judiciary A, June 1, 1982.

Senate Bill 261 became Act 439 of 1982, which enacted LSA-R.S. 9:2801. House Bill 1625 became Act 751 of 1981, which enacted LSA-C.C. art. 2369.1 (now repealed and replaced by 9:2801).