Dear Secretary Kennedy:
You have requested an opinion of this office regarding the Louisiana Enterprise Zone Act, LSA-R.S. 51:1781 et seq. Specifically, your request raises the following issues:
 (1) Shall the rebates that are payable to business enterprises who enter into contracts with the state under this program be considered tax overpayments to the Secretary of Revenue, as contemplated by LSA-R.S. 47:1621?
 (2) Must the business enterprises who are eligible for rebates under this program file their claims with the Secretary before the running of prescription on tax refunds or credits, as provided for by LSA-R.S. 47:1623?
 (3) Are the rebates that the Secretary of Revenue issues to business enterprises pursuant to their enterprise zone or economic development zone contracts with the state subject to the payment of interest on refunds or credits, as provided for by LSA-R.S. 47:1624?
In addressing the issues you raise, we first turn our attention to the provisions authorizing the rebate of sales and use taxes by the Department of Revenue, LSA-R.S. 51:1787. The statute in part provides:
 (a) The board, after consultation with the secretaries of the Department of Economic Development and Department of Revenue and Taxation, and with the approval of the governor, may enter into contracts not to exceed five years to provide:
 (1) For the rebate of sales and use tax imposed
by the state and imposed by its local governmental subdivisions upon approval of the governing authority of the appropriate municipality or the appropriate parish where applicable, or both, of the purchases of the material used in the construction of a building, or any addition or improvement thereon, for housing any legitimate business enterprise and machinery and equipment used in that enterprise. Final application for the payment of any rebate of sales and use taxes granted pursuant to this Subsection must be filed no later than six months after receipt of the project completion report as provided by rule by the Department of Economic Development. The amount to be rebated shall in no case be greater than the total or actual amount of the sales and use taxes paid. (emphasis added)
* * *
In statutory interpretation, words and phrases of a statute are to be read in context and construed according to their common meaning. Succession of Brown, 468 So.2d 794, 796 (La.App. 1st Cir. 1985). The word rebate is defined in Black's Law Dictionary
as "a deduction or drawback from a stipulated payment, charge, or rate, not taken out in advance of payment, but handed back to the payer after he has paid the full stipulated sum." In relation to taxes, a rebate is "an amount returned to the taxpayer after he has made full payment of the tax." The rebate in LSA-R.S. 51:1787
is of "the sales and use tax imposed." Webster's Third NewInternational Dictionary defines imposed, as "to make, frame, or apply as compulsory, obligatory, or enforceable." In the context of LSA-R.S. 51:1787, the proper construction of the word rebate is a deduction in the amount of an obligatory full tax payment that is returned to the taxpayer.
Next we turn our attention to the definition of "overpayment" provided in LSA-R.S. 47:1621 (A) which states:
 For the purpose of this chapter, "overpayment" means a payment of tax, penalty or interest when none was due, or the excess of the amount of tax, penalty or interest paid over the amount due; provided that the power of the collector to refund overpayments shall be as prescribed and limited in this section. (emphasis added)
The statute clearly provides that an overpayment is a payment when none was due and the secretary is authorized to make a refund of each overpayment by 47:1621 (B). This refund is clearly distinguishable from the rebate in LSA-R.S. 51:1787 which is a deduction in an obligatory payment. Further, the power of the secretary to refund overpayments is prescribed and limited by LSA-R.S. 47:1621 et seq., it does not extend to any other areas. Accordingly, we answer your first question in the negative; the rebates payable under the Enterprise Zone Act are not to be considered tax overpayments as contemplated by LSA-R.S. 47:1621.
Finally, we address the prescriptive period in LSA-R.S. 47:1623
and the payment of interest in LSA-R.S. 47:1624. Both statutes address refunds for overpayments, which we have already determined does not include rebates. More significant is the fact that LSA-R.S. 51:1787 provides a prescriptive period of six months after the receipt of the project completion report for rebates and forbids a rebate that is greater than the actual amount of taxes paid. When a statute is clear and unambiguous and its application does not lead to absurd consequences, it must be applied as written. Roberts v. State Farm, 662 So.2d 821 (La.App. 2nd Cir. 1995). We must apply the provisions of LSA-R.S. 51:1787
as written and answer your second and third questions in the negative.
It is the opinion of the Attorney General that: (1) the rebates payable to business enterprises under the Louisiana Enterprise Zone Act, LSA-R.S. 51:1781 et seq. are not to be considered tax overpayments as contemplated by LSA-R.S. 47:1621; (2) the business enterprises who are eligible for rebates are not subject to the prescriptive period on tax refunds and credits provided by LSA-R.S. 47:1623; and (3) the rebates issued to the business enterprises are not subject to the payment of interest provided by LSA-R.S. 47:1624.
Should you have any further questions, please contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv