LOLLEY, J.
| plaintiff, Margaret Golden, appeals a judgment from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, which granted defendant’s Exception of Lack of Jurisdiction. For the following reasons, we reverse.
FACTS
Margaret Golden and Tim Waterhouse were married on November 10, 1986, and established their matrimonial domicile in Ouachita Parish, Louisiana. The couple physically separated November 14, 1994, and were legally divorced by judgment by the Fourth Judicial District Court in Oua-chita Parish on September 20, 1995. After the divorce, Golden established her domicile in Texas and Waterhouse in Illinois.
On February 10, 2006, Golden filed a Petition to Partition Community Property with the Fourth Judicial District Court. On March 14, 2006, Golden filed an affidavit of service with return receipt showing that Waterhouse had been properly served. On April 27, 2006, Waterhouse filed an Exception of Lack of Jurisdiction. On May 22, 2006, Golden responded by filing an Opposition to the Exception.
On May 25, 2006, a hearing was held on the exception. At the conclusion, the trial court granted the Exception of Lack of Jurisdiction without written reasons and dismissed Golden’s Petition for Partition of Community Property. This appeal ensued.
LAW AND DISCUSSION
Golden argues that the trial court erred in granting the Exception of Lack of Jurisdiction and contends that because the judgment of divorce was | ¿rendered by the trial court, it had continuing jurisdiction over Waterhouse and the ancillary partition proceeding. We agree.
Louisiana C.C. art. 2369.8 states that:
A spouse has the right to demand partition of former community property at any time. A contrary agreement is absolutely null.
If the spouses are unable to agree on the partition, either spouse may demand judicial partition which shall be conducted in accordance with R.S. 9:2801.
In domestic proceedings, the Louisiana Supreme Court has long established the doctrine of continuing jurisdiction, namely that once a trial court obtains jurisdiction in a divorce or separation proceeding it retains jurisdiction over any incidental matters connected with the original proceedings. Gowins v. Gowins, 466 So.2d 32 (La.1985).
Louisiana C.C. art. 2369.8 creates a right for a spouse to demand a judicial partition and notably the legislature did not create any exceptions. In conjunction, La. R.S. 9:2801 establishes the general authority a trial court has when partitioning community property which goes beyond a basic partition of a thing held in indivisión. La. C.C. art. 807. A trial court can be heavily involved in allocating the distribution of assets and liability if it finds the result to be unequal. The statute also *929 allows the trial court to settle claims arising from the matrimonial regime, e.g. reimbursement for improvements on separate land using community funds. See La. R.S. 9:2801(A)(4). To enforce a judgment of this nature it is crucial to continue the trial court’s personal jurisdiction established as result of the original divorce proceeding. However, in the instant case, it would be premature for lathis court to make any determination regarding the scope of this partition because we do not have a complete record identifying the community property or claims at issue.
The fact that Waterhouse and Golden are no longer domiciled and have no contact with Louisiana is of no consequence. In Little v. Little, 513 So.2d 464 (La.App. 2d Cir.1987), this court was presented with a similar issue where both parties left the state after their divorce 20 years earlier and had no further contact with Louisiana. In that case, the ex-wife sued the husband in Bossier Parish to partition the husband’s military retirement pay. Jurisdictionally, we find no distinction can be made. In Gowins, the court recognized that it is the nature of the proceeding, rather than anything about the party, that is determinative of continuing jurisdiction. As in the case at bar, once jurisdiction attaches it continues throughout the entire proceeding, including actions which are “essential concomitant[s]” of the original one. Little, supra at 467.
Waterhouse also argues that the United States Bankruptcy Court involvement resulted in a loss of jurisdiction and ultimately discharged any claims Golden may have. We find this argument unpersuasive. A bankruptcy discharge extinguishes rights to payment; it does not extinguish interest in property. Mundell v. Mundell, 2003-631 (La.App. 3d Cir.11/05/03), 858 So.2d 768. Finally, Wa-terhouse argues that the only potential community property is land located in Massachusetts and therefore Massachusetts is the appropriate forum. Again, although a more complete record would have helped this court identify the community property and claims at issue, including the land Waterhouse refers to, this is not 14dispositive for the narrow issue of jurisdiction as now presented. In light of our finding that the trial court had continuing jurisdiction, this argument is without merit.
Here, since the original proceeding was the divorce, the action to divide the community property is within the scope of the trial court’s continuing jurisdiction. In granting the exception, the trial court has, in effect, wrongly divested itself from being able to adjudicate any other ancillary proceeding arising from this divorce proceeding and made access to the judicial system difficult for the parties seeking a resolution.
CONCLUSION
For the foregoing reasons, we reverse the grant of the Exception for Lack of Jurisdiction and remand to the trial court for a trial on the community property partition.
REVERSED AND REMANDED.
BROWN, C.J., concurs.