HUGHES, J.
12This is an application for supervisory review of a judgment of The Family Court for East Baton Rouge Parish (“Family Court”), in an action for partition of community property, denying an exception pleading the objection of lack of subject matter jurisdiction and requesting a transfer of the matter to the Nineteenth Judicial District Court (“19th JDC”), urged by the succession representative of the deceased former spouse/defendant. For the reasons that follow, we deny the writ.
FACTS AND PROCEDURAL HISTORY
After fifty-two years of marriage, on May 29, 2009, Rose Manale McCann filed a petition for divorce from her husband, Walter Lester McCann, in the Family *999 Court. Thereafter, on August 17, 2009, Ms. McCann filed a petition for partition of community property in the same suit.[1] On August 31, 2009 a judgment was signed in the suit decreeing a separation of property, pursuant to LSA-C.C. art. 2874(C),[2] and terminating the community of acquets and gains as of May 29, 2009. A judgment of divorce was later signed on January 13, 2010, leaving the identification, valuation, management, and partition of the community property as the only issues in the case.
Over the course of the partition litigation, numerous preliminary matters were raised. In her August 17, 2009 petition for partition, Ms. McCann requested the court appoint experts (“a Special Master, CPA, or Real Estate Professional”) to assist in the partition litigation. Over Mr. IsMcCann’s opposition, and after a November 17, 2009 hearing, the Family Court appointed a real estate expert to inventory and value the real estate held by the community and ordered the parties to submit names from which the court would choose a financial expert “to value the remainder of the property, trace the income stream, oversee [the real estate expert] and the valuation of the real estate, identify any assets, and evaluate and assess the pending [m]otions of the parties.” The expert was appointed on February 3, 2010. Both parties filed motions seeking the exclusive use of the former matrimonial domicile. On April 20, 2010 Ms. McCann sought injunctive relief concerning the contents of one or more safety deposit boxes held by Mr. McCann, asked the court to order Mr. McCann to restore her Internet access to a community business checking account, and alleged that Mr. McCann was engaging in a course of conduct designed to control all of the community assets and to prevent her from monitoring, acquiring information concerning, and inhibiting her ability to inventory community assets. A consent judgment was signed on May 18, 2010, authorizing the court-appointed financial expert to inventory safety deposit boxes held by Mr. McCann and thereafter to furnish copies to the court and the parties. Over the course of the proceeding, Ms. McCann filed several motions for contempt against Mr. McCann, alleging he had violated the court’s initial order prohibiting the parties from alienating, disposing of, or encumbering community property pending partition. On June 16, 2010 Ms. McCann filed a “Motion to Appoint Independent Third Party Professional to Manage the Community Owned Business and Investment Assets, for Injunctive Relief, and for Division of Monies in Community Account,” alleging that Mr. McCann had been hospitalized and was no longer capable of managing the | community businesses and assets and that over $2,000,000 was on deposit at one bank, exceeding the FDIC insured level of $250,000.
On June 30, 2010 a “Notice of Filing of Succession” was filed in the Family Court suit, stating that Mr. McCann had died on June 27, 2010, and that his succession had been opened in the 19th JDC, under Probate Number 91,681. On July 8, 2010 Ms. McCann filed a motion to substitute the succession executrix, Peggy Blackwell (the *1000 “decedent’s daughter”), as the party defendant in the partition proceeding and asking the court to establish a case management schedule, to include the fixing of deadlines for the filing of detailed descriptive lists and other matters. On July 16, 2010 a consent judgment was signed by counsel for the parties agreeing: that Ms. Blackwell would write two checks on the “Fidelity” community account, one in the amount of $850,000 to Ms. McCann and one in the amount of $850,000 to Walter Lester McCann; that the remainder of the funds would be administered by the financial expert previously appointed by the court; that the real estate expert previously appointed by the court would “run the real estate business” of the parties, with the assistance of “Karen Harvey,” meet with and regularly report to Peggy Blackwell and Rocky McCann; and that the financial expert would recommend a “financial advisor expert ... to advise the parties regarding community investment decisions, if necessary.”
On July 23, 2010 Peggy Blackwell filed a “Declinatory Exception of Lack of Subject Matter Jurisdiction and Motion to Transfer,” seeking to have the partition action transferred to the 19th JDC. The Family Court overruled the exception, denied the motion to transfer, and signed a judgment on September 14, 2010 substituting Ms. Blackwell, in her capacity as executrix for the succession, into the partition action as the defendant, in place of the deceased Mr. McCann. Ms. Blackwell then filed a writ _[¿application with this court, contesting the Family Court’s ruling. Her application was denied. See McCann v. Blackwell, 2010-1896 (La.App. 1 Cir. 1/7/11) (unpublished). However, the Louisiana Supreme Court granted Ms. Blackwell’s writ application and remanded the matter to this court for “briefing, argument and full opinion.” See McCann v. Blackwell, 2011-0244 (La.4/1/11), 60 So.3d 1240. On remand, Ms. Blackwell asserts that the Family Court erred in denying her exception of lack of subject matter jurisdiction and motion to transfer the case to the 19th JDC, in substituting her as the defendant in the partition proceeding, and in determining that LSA-R.S. 9:2801 is applicable in the partition action.
LAW AND ANALYSIS

Jurisdiction of the Family Court

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. LSA-C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3.
The district courts have general original jurisdiction over all civil matters, except the following:
1. Actions arising under federal law in which Congress has granted exclusive original jurisdiction to the federal courts or agencies;
|fi2. Disciplinary proceedings against attorneys, since the exclusive original jurisdiction is vested in the Supreme Court of Louisiana;
3. Matters in which original jurisdiction is validly vested in an administrative agency;
*1001 4. Those family and juvenile matters in which exclusive jurisdiction has been vested in family or juvenile courts.
Frank L. Maraist, 1 La. Civil Law Treatise, “Civil Procedure,” § 2:2 (emphasis added). See also LSA-Const. Art. V, § 16(A).[3] Except in the enumerated cases in which the district courts have exclusive jurisdiction, the Legislature may vest limited jurisdiction, concurrent with that of the district courts, in trial courts of limited jurisdiction. The principal trial courts of limited jurisdiction are city, parish, juvenile, family, and justice of the peace courts. Maraist, at § 2:2. See also LSA-Const. Art. V, § 15(A).[4]
17Juvenile and family courts shall have jurisdiction as provided by law, notwithstanding any contrary provision of LSA-Const. Art. V, § 16. See LSA-Const. Art. V, § 18. In Welborn v. 19th Judicial District Court, the supreme court noted that the Louisiana Constitution allows the legislature to divest the district court of jurisdiction in certain types of matters. By giving effect to the “notwithstanding” clause of Section 18 and its specific reference to Section 16, the legislature is empowered to divest district court of certain jurisdiction and vest that jurisdiction exclusively in a specialized family or juvenile court. See Welborn v. 19th Judicial District Court, 2007-1087, pp. 12-13 (La.1/16/08), 974 So.2d 1, 9.
Louisiana Revised Statute 13:1401 is the enabling statute for Article V, Section 18. Welborn v. 19th Judicial District Court, 2007-1087 at p. 6, 974 So.2d at 5. Louisiana Revised Statute 13:1401, at all times pertinent to the instant suit, provided:[5]
*1002 A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foreyoing proceedings, including •but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering execu-tory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
|s(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising fi'om matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law.
(Emphasis added.) Also applicable in this case is LSA-R.S. 9:2801(A),[6] the basis for the instant suit filed by Ms. McCann, which states in pertinent part:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co- *1003 ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding ... [to] partition the community. ...
(Emphasis added.)
l9Clearly, at the time that Ms. McCann filed her petition for partition of community property, naming Mr. McCann as the defendant, the Family Court had subject matter jurisdiction in accordance with LSA-R.S. 9:2801(A) and LSA-R.S. 13:1401, as the matter was between spouses who failed to agree regarding the partition of community property. The question then became whether the Family Court lost its subject matter jurisdiction by virtue of the subsequent death of one party in the case before the court.
Louisiana Code of Civil Procedure Article 428 speaks to this issue, providing: “An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.”[7] While an action for divorce may be strictly personal, the resolution of property interests is not strictly personal. See Larocca v. Larocca, 597 So.2d 1000 (La.1992) (holding that the death of a party/spouse did not result in the abatement of a divorce action in which an ancillary claim involving a property interest had been appended). See also LSA-C.C. arts. 1765 and 1766.[8]
|inAn action must be instituted by a proper party. Thereafter, the substitution rules (LSA-C.C.P. art. 801 et seq.) apply when there is a change in a proper party during the course of a proceeding. The most frequent changes in proper party result from the death of a litigant or the election or appointment of a new public officeholder. See Maraist, at § 4:13.
Louisiana Code of Civil Procedure Article 801 provides:
When a party dies during the pen-dency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
*1004 As used in Articles 801 through 804, “legal successor” means:
(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased’s succession is not under administration therein.
Further, on the ex parte written motion of any other party, supported by an affidavit of the truth of the facts alleged, the court may order the issuance of a summons to the legal successor to appear and substitute himself for the deceased party. LSA-C.C.P. art. 802. Additionally, LSA-C.C.P. art. 734 provides:
Except as otherwise provided by law, including but not limited to Articles 2641 and 2674, the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.
In the instant case, the McCanns’ divorce had been rendered on January 13, 2010, and the community of acquets and gains had been In terminated by the August 31, 2009 judgment of the court, retroactively effective back to the May 29, 2009 filing of Ms. McCann’s petition for divorce. Thereafter, the only issues remaining for trial in the suit were those related to the August 17, 2009 petition for partition of community property. While the action for divorce, alone, would have been a personal action, the action to divide the former community property and allocate debts was heritable, and thus not a personal action. See LSA-C.C. arts. 1765 and 1766. Accordingly, we conclude that issues related to the McCanns’ community property partition, brought in the Family Court, were within the exclusive subject matter jurisdiction of that court, and the executrix of Mr. McCann’s succession, Ms. Blackwell, was the proper person to be substituted into the suit after Mr. McCann’s demise. See LSA-C.C.P. arts. 428, 734, and 801-02.
We find the cases of Succession of Brown, 468 So.2d 794 (La.App. 1 Cir.1985), and In re Succession of Sessions, 2008-1683 (La.App. 1 Cir. 9/10/09), 23 So.3d 954, relied on by Ms. Blackwell on appeal, to be distinguishable and, therefore, not authoritative in this appeal. In both the Succession of Brown case and the In re Succession of Sessions case, the partition suit at issue was not filed by one spouse against the other, but rather each suit was originally filed against the succession representative after one spouse had died. Because each of the partition suits in those two cases was filed by a former spouse against a succession representative, LSA-R.S. 9:2801 was found to have been inapplicable, as not having been between two spouses. In contrast, the instant suit was filed by one spouse against another spouse, at a time when both were living, and, therefore, LSA-R.S. 9:2801 was applicable when the suit was filed and continues to be applicable ]12when a proper party defendant is substituted pursuant to LSA-C.C.P. art. 801 et seq.
We also reject Ms. Blackwell’s suggestion that the Family Court has jurisdiction only over spouses, as the Louisiana Supreme Court has rejected that proposition. See Spinosa v. Spinosa, 2005-1935 (La.7/6/06), 934 So.2d 35, wherein the supreme court held that, under the authority of LSA-R.S. 13:1401(A)(2), the Family Court had jurisdiction over a trust, into *1005 which it was asserted that the former husband had fraudulently diverted community funds without his former wife’s permission, in order to resolve conflicts over the classification of assets held by the trust. Further, we note that, in domestic proceedings, the supreme court has long established the doctrine of continuing jurisdiction, i.e., once a trial court obtains jurisdiction in a divorce or separation proceeding, it retains jurisdiction over any incidental matters connected with the original proceedings. See Golden v. Waterhouse, 41,889, p. 2 (La.App. 2 Cir. 2/28/07), 953 So.2d 927, 928 (citing Gowins v. Gowins, 466 So.2d 32, 35 (La.1985)).
Under the foregoing precepts, we conclude the Family Court continued to have jurisdiction over the 2009 partition proceeding, after the 2010 death of one of the party spouses, and had the authority to order the succession representative to be substituted in the place of the deceased spouse in the suit.
CONCLUSION
For the reasons stated, the writ is denied. All costs of this matter are to borne by Peggy Blackwell, as Executrix for the Succession of Walter Lester McCann.
GUIDRY, J., dissents and assigns reasons.

. Allegedly, some $25,000,000 in community property was at issue in the partition, though detailed descriptive lists do not appear in the record on appeal.

. Prior to its amendment by 2010 La. Acts, No. 603, § 1, effective June 25, 2010, LSA-C.C. art. 2374(C) stated: “When a petition for divorce has been filed, either spouse may obtain a judgment decreeing separation of property by a rule to show cause and upon proof that the spouses have lived separate and apart without reconciliation for at least thirty days from the date of, or prior to, the filing of the petition for divorce and have not reconciled."

.Louisiana Constitution Article V, § 16(A) provides:
Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.
(Emphasis added.)

. Louisiana Constitution Article V, § 15(A) provides:
Court Retention; Trial Courts of Limited Jurisdiction. The district, family, juvenile, parish, city, and magistrate courts existing on the effective date of this constitution are retained. Subject to the limitations in Sections 16 and 21 of this Article, the legislature by law may abolish or merge trial courts of limited or specialized jurisdiction. The legislature by law may establish trial courts of limited jurisdiction with parish-wide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state. Effective January 1, 2007, the legislature by law may establish new judgeships for district courts and establish the new divisions with limited or specialized jurisdiction within the territorial jurisdiction of the district court and subject matter jurisdiction over family or juvenile matters as provided by law. The office of city marshal is continued until the city court he serves is abolished.

. All references herein to LSA-R.S. 13:1401 are to the statute as it was prior to its amendment by 2010 La. Acts, No. 754, § 2, which added "and nonsupport,” following "spousal and child support,” in Section (A)(1). Pursu *1002 ant to Section 5 of Act 754, the provisions of the Act became effective January 1, 2011.

. We note that LSA-R.S. 13:1401 is applicable only to the Family Court, while LSA-R.S. 9:2801 is applicable to the Family Court as well as any district court other than the 19th JDC. We further note that whereas, in the Family Court, the subject matter jurisdiction granted is "exclusive,” as provided in LSA-R.S. 13:1401, when a district court assigns a particular section or division to be allotted all family cases, the entire district court nevertheless retains jurisdiction over family matters as well. See Carter v. Jones, 2007-297, pp. 5-6 (La.App. 3 Cir. 10/17/07), 967 So.2d 615, 620, writ denied, 2007-2234 (La.1/25/08), 973 So.2d 756, holding that a district court’s allotment of family and juvenile cases to a specified division did not unconstitutionally create a court of specific jurisdiction, did not violate LSA-Const. Art. V, § 16(A)'s grant of original jurisdiction to district courts over all civil matters, did not conflict with LSA-C.C.P art. 253.l’s provision that all pleadings shall be randomly assigned to a particular division of a court, and did not violate LSA-Const. Art. Ill, § 12(A)'s ban on special laws; rather, concluding that each judicial district constitutes a single court. See also Piper v. Olinde Hardware & Supply Company, Inc., 288 So.2d 626, 629 (La.1974); State ex rel. Guste v. Green, 94-1138 (La.App. 1 Cir. 6/23/95), 657 So.2d 610, 622.

. The Comments to Article 428 discuss this principle from a historical perspective and recognize that under prior law (Article 21 of the 1870 Code of Practice) actions did not abate after answer had been filed, but that the rule was changed; currently, "the line of demarcation is the institution of suit.” (Emphasis added.) It is now recognized that a party’s heirs are substituted into an existing action after his death, except when the action was "strictly personal” to the deceased party. See LSA-C.C.P. art. 428, 1960 Revision Comments (b) and (c).

. These articles provide:
Art. 1765. Heritable obligation
An obligation is heritable when its performance may be enforced by a successor of the obligee or against a successor of the obligor.
Every obligation is deemed heritable as to all parties, except when the contrary results from the terms or from the nature of the contract.
A heritable obligation is also transferable between living persons.
Art. 1766. Strictly personal obligation
An obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor.
When the performance requires the special skill or qualification of the obligor, the obligation is presumed to be strictly personal on the part of the obligor. All obligations to perform personal services are presumed to be strictly personal on the part of the obligor.
We note that in her exception as to subject matter jurisdiction, filed in the Family Court, Ms. Blackwell acknowledges that she is "authorized to represent the Succession in pending litigation.”