DENNIS R. BAGNERIS, SR., Judge.
1 jDefendant, the estate of James Jackson, Sr., appeals a judgment of partition, which gives Rosalind Jackson $51,175.00 in cash assets. For the following reasons, we hereby reverse and remand.
FACTS
On October 17, 2011, James Jackson Jr., the appointed administrator for the estate of his deceased father, James Jackson, Sr., filed a Petition to Partition Community Property and Reimbursement. The Petition stated, in pertinent part:
1.
James Jackson, Sr. died on or about August 30, 2005 in Baton Rouge, Louisiana while he was domiciled in New Orleans, Louisiana, Orleans Parish.
2.
The petitioner, James Jackson, Jr. was duly appointed by this court, to serve as administrator of his father’s estate on May 9, 2006.
3.
The deceased James Jackson, Sr. was married to Rosalind Anderson on or about November 17, 1975 in Orleans Parish, where they established their matrimony domicile.

Jé-

The deceased, James Jackson, Sr. and Rosalind Anderson separated on or about January 2, 1982, and they were lawfully divorced by order of this court, dated October 19, 1983, reserving their rights to partition the community.
5.
The deceased James Jackson and Rosalind Anderson Jackson acquired certain immovable property during their marriage, which served as their family home.
6.
The deceased James Jackson occupied, maintained and preserved the family Home [sic] in Orleans Parish from the fate of their seperation [sic] until the date of his death, and Paid [sic] all mortgage payments, taxes, insurance payments and other charges associated with the community property, from his personal funds.
7.
The estate of the deceased James Jackson is entitled to reimbursement from his former spouse for his separate funds expended for the satisfaction of the community debts, in an amount to be determined by the court.
8.
Despite amicable demands, the parties are unable to settle the community of acquets and gains, and the petitioner no longer desired to remain co-owners in indivisión with the decedent’s former wife.
9.
The petitioner reserved the right to request the appointment of an expert to assist the settlement and partition of the community property.
10.
*615 Petitioner requests that an order be issued by the court, requiring both parties to submit a sworn descriptive list of all community assets and liabilities, | .«¡pursuant to R.S. 9:2801, within 45 days of the service of the petition herein.
On March 12, 2012, the parties stipulated that the community assets consisted solely of (1) property located at 11731 Bar-rington Drive, valued at $48,000.00; (2) flood insurance proceeds, valued at $82,200.00; and (3) homeowner’s insurance proceeds, valued at $9,986.32. The parties also stipulated that the community owed $4,595.27 for property taxes on the community home. The parties stipulated that Rosalind Jackson (“Rosalind”) was entitled to a reimbursement claim against the estate for $3,080.00 for her maintenance on the community home after Hurricane Katrina and that James Jackson, Sr. made $145,018.00 in mortgage payments on the community home after termination of the community. Rosalind contends that the mortgage payments made by James Jackson, Sr. more than ten years before the filing of the petition for partition are prescribed by La. C.C. article 3499.
On April 9, 2012, the trial court partitioned the community property by allocating the immovable property located at 11731 Barrington Drive, valued at $43,000.00, to the estate of James Jackson, Sr. as well as funds in the amount of $40,910.47[1] from the insurance proceeds. The trial court found that Rosalind Jackson was entitled to $51,175.84 from the insurance proceeds. The estate now appeals this final judgment.
. DISCUSSION
On appeal, the estate of James Jackson Sr. argues that the trial court erred in denying it the right to use a reimbursement claim as a defense to set-off Rosalind’s claims to the community assets and that the trial court erred in allocating the storm damaged community home to it without considering the costs of repairs and assessments.
The issue before this Court is whether the trial court properly allowed La. R.S. 9:2801[2] to be used to partition immovable property owned by Rosalind and the estate of her deceased ex-husband. The court in Succession of Browm, 468 So.2d 794 (La.App. 1 Cir.1985) dealt with facts similar to the case at- hand. In Brown, the trial court allowed La. R.S. 9:2801 to be used to partition immovable property owned by the plaintiff and the heirs of her deceased ex-husband. The First Circuit reversed the trial court, concluding that La. R.S. 9:2801 applies to a controversy between living spouses and could not be extended to all partitions involving community property. The First Circuit found that a partition controversy between ordinary co-owners, such as an ex-wife and the heirs, was found to be governed by the general rules *616 of judicial partition. See also McCann v. McCann, 2011-2434, p. 9-10 (La.5/8/12), 93 So.3d 544, 550-551 (whereby the Supreme Court held that Family Court lacked subject matter jurisdiction to entertain a partition of community property where one of the former spouses died after the | r,partition proceeding was instituted.) We too find that La. R.S. 9:2801 applies to a controversy between spouses and should not extend to ordinary co-owners. Further, we note that the parties efforts to partition the community property may be premature if a succession has not been completed that allows James Jackson, Jr. to be in possession of James Jackson Sr.’s one-half interest in the former community property. We therefore reverse the trial court’s judgment and remand the matter for reconsideration in view of the general rules of judicial partition, La. C.C. arts. 809 et seq.
REVERSED AND REMANDED.

. The estate received $36,315.20 in cash, plus $4,595.27 needed to pay the taxes on the immovable property, for a total of $40,910.47. This amount also included $17, 099.68 (which the trial court reduced to $14,019.00 upon finding that Rosalind was entitled to $3,080.00 for maintenance to the house following Katrina) for mortgage payments made by James Jackson from October 17, 2001 until his death on August 30, 2005.

. La. R.S. 9:2801(A) states:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules....