822 So.2d 746 (2002)
Marie Elaine D'Amico RANSOME
v.
Al Jerome RANSOME.
No. 2001 CW 2361.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*749 David A. Hamilton, J. Marvin Montgomery, Baton Rouge, for Relator Darlene S. Ransome.
Robert J. Burns, Jr., Baton Rouge, for Respondent Marie Elaine D'Amico Ransome.
Before: CARTER, C.J., WHIPPLE, PARRO, FITZSIMMONS and LANIER[1], JJ.
WALTER I. LANIER, J. Pro Tem.
This action is a garnishment proceeding instituted in the East Baton Rouge Parish Family Court (family court) by a divorced wife against her former husband's attorney. The attorney defended by filing a declinatory exception raising the objection of lack of subject matter jurisdiction of this action. The family court overruled the declinatory exception. The attorney applied to this court for supervisory review of this ruling. We issued a writ of certiorari to examine and define the subject matter jurisdiction of the family court on this type of action.

FACTS
Respondent, Marie Ransome, and Al Ransome were divorced January 27, 1993. On that same date, they executed a community *750 property agreement settling and liquidating the community property that had existed between them.[2] Respondent subsequently filed a petition in the Nineteenth Judicial District Court to recover damages for Mr. Ransome's alleged breach of the community property settlement agreement. Mr. Ransome filed a reconventional demand asserting that the partition agreement should be rescinded based on lesion beyond moiety. Mr. Ransome then filed a declinatory exception raising the objection of lack of subject matter jurisdiction that the trial court denied. Mr. Ransome sought supervisory review of the district court's ruling. We reversed, holding that the family court was the court of proper jurisdiction. We remanded the case to the Nineteenth Judicial District Court to transfer this matter to family court. Ransome v. Ransome, 99-1291 (La.App. 1 Cir.2000), 791 So.2d 120. On remand, the family court rendered judgments in favor of the plaintiff for $4,588,284.50, with interest thereon at the rate of 8% from April 21, 1997, until paid, for court costs and for $50,000.00 in attorney's fees. Relator, Darlene S. Ransome, represented Al Ransome in these proceedings.[3]
In an effort to execute on the judgments, respondent initiated garnishment proceedings against relator.[4] Relator objected to one of the garnishment interrogatories and answered the rest.[5] Respondent then filed a motion to traverse the answers, alleging that the answers to two interrogatories were incomplete and/or misleading. In response, relator filed interrogatories to determine the basis of the facts that respondent would use to support the motion to traverse, but respondent refused to answer the interrogatories. Respondent next filed a motion to examine relator pursuant to La. C.C.P. art. 2451B[6] on all matters pertaining to Mr. Ransome's estate or property and also requested that relator produce certain items, alleging that she had assets at her disposal out of which the judgments could be satisfied.
Relator then filed a declinatory exception raising the objection of lack of subject *751 matter jurisdiction, contending that family court had no power to levy garnishments, and filed a peremptory exception raising the objection of no cause of action, contending that respondent's motion to traverse should be dismissed for failure to allege facts. Relator also filed a motion to quash the family court's order that relator appear to be examined on all matters pertaining to the estate of Mr. Ransome and respond to a subpoena as to numerous documents; she additionally filed a motion for a protective order pertaining to her deposition. The court held a contradictory hearing over the objection of relator. Relator's exceptions were overruled and her motion to quash was granted. The family court ruled relator could be deposed because there were extraordinary circumstances to justify the deposition. The family court ruled that the examination of relator could be conducted only upon matters relating to the property or former property of Mr. Ransome. From these rulings, relator sought supervisory writs.

SUBJECT MATTER JURISDICTION OF THE FAMILY COURT
Relator initially contends that the trial court erred in denying her declinatory exception raising the objection of lack of subject matter jurisdiction by finding that the family court has subject matter jurisdiction over a garnishment proceeding against a third party.
La. Const. of 1974, art. V, § 18 provides, "Notwithstanding any contrary provision of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law." The family court is a court of special or limited jurisdiction and only has the authority that is granted by the legislature. See State in Interest of Purcell, 337 So.2d 637, 639 (La.App. 3 Cir.1976); State v. Alexander, 320 So.2d 610, 611 (La.App. 4 Cir.1975), writ denied, 323 So.2d 807 (La.1976). Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2.
La. R.S. 13:1401 provides the jurisdictional parameters of the family court, as follows:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.

*752 (c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law. (Emphasis added.)
The issue before this court is whether La. R.S. 13:1401A can be interpreted to provide the family court with subject matter jurisdiction over garnishment proceedings against a third party. This statute must be construed according to the standard rules of statutory interpretation. La. R.S. 1:1 et seq.; La. C.C. art. 9 et seq.; Citicorp Acceptance Co., Inc. v. Roussell, 601 So.2d 350, 354 (La.App. 1 Cir.), writ denied, 608 So.2d 177 (La.1992). This court discussed the statutory and jurisprudential rules for statutory interpretation in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984), as follows:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written.
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
When the expressions of a law are "dubious", the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it. When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory. If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail. (citations omitted.)
The operative language of La. R.S. 13:1401A(1) in the instant case is as follows:

*753 There is hereby established the family court ... which shall be a court of record with exclusive jurisdiction in the following proceedings: (1) All actions for divorce, ... spousal and child support... as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to ... the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, .... (Emphasis added.)
The word garnishment used in 13:1401A(1) is modified and limited by the phrase "under judgments of the court for spousal and child support and attorney fees". The underlying judgment in the instant case was secured in an action "to recover damages for breach of contract and enforcement of a security agreement ...." Ransome v. Ransome, 99-1291, p. 2 (La.App. 1 Cir. 1/21/00), 791 So.2d 120, 120. The contract was a community property partition agreement. The garnishment in the instant case is not incidental to "judgments of the court for spousal and child support and attorney fees". In State, Department of Public Safety and Corrections, Office of State Police, Riverboat Gaming Division v. Louisiana Riverboat Gaming Commission and Horseshoe Entertainment, L.L.P., 94-1872, p. 17, 94-1914 (La.5/22/95), 655 So.2d 292, 302 appears the following:
Second, the Division's argument, that the legislature intended to give it the right to appeal, conflicts with the settled rule of statutory construction that the mention of one thing in a statute implies the exclusion of another thing. This time-honored maxim, the doctrine of Expressio Unius est Exclusio Alterius, dictates that when the legislature specifically enumerates a series of things, such as the Division's enumerated powers in this case, the legislature's omission of other items, which could have easily been included in the statute is deemed intentional.
La. R.S. 13:1401A(1) does not provide for garnishment against a third party under a judgment for damages for breach of an agreement for partition of community property, but does provide for garnishment under a judgment for spousal and child support. Therefore, it is clear and unambiguous that, pursuant to the above-cited rule of statutory construction, the family court does not have subject matter jurisdiction for this type of garnishment under this statutory provision.
The operative language of La. R.S. 13:1401A(2)(d) in the instant case is as follows:
There is hereby established the family court ... which shall be a court of record with exclusive jurisdiction in the following proceedings: ... (2)(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection. (Emphasis added.)
As hereinafter discussed, the garnishment action in this case is not an action "between former spouses"; it is an action between a former spouse and a third person. The language of La. R.S. 13:1401A(2)(d) is clear and unambiguous in providing that it applies to "[a]ll actions between former spouses". Pursuant to the above-cited rule of statutory construction, because this provision applies to actions between former spouses, it does not apply to actions between a former spouse and a third person.
There is no conflict between the language of La. R.S. 13:1401A(1) and 13:1401A(2). The family court has no subject matter jurisdiction over the garnishment in this case. Even if it is assumed that there is a conflict between these provisions, the respondent cannot prevail. *754 Pursuant to the standard rules for statutory construction (1) it is presumed that every provision of law was intended to serve some useful purpose; (2) it is not presumed that the lawmaker intended for any part of a law to be meaningless; (3) the lawmaker is presumed to have enacted the law with full knowledge of all other laws pertaining to the same subject matter; (4) it is the duty of the courts to interpret a provision of law which harmonizes and reconciles it with other provisions pertaining to the same subject matter; and (5) when a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is preferred to one that renders part of the act nugatory. La. R.S. 13:1401A(2) provides for "All actions" in certain types of categories. As such, it is general in nature. Conversely, La. R.S. 13:1401A(1), insofar as it pertains to actions of garnishment, is specific in nature. Even if there was a superficial conflict between these provisions, the conflict could be easily reconciled to give meaning and effect to both. The specific provision pertaining to garnishments is an exception to the general provision that appears to be in conflict. Kennedy v. Kennedy, 96-0732, p. 2 (La.11/25/96), 699 So.2d 351, 358. To rule otherwise would render the specific provision on garnishments meaningless.
A garnishment proceeding is a separate and distinct proceeding from the original suit and is between different parties.[7]See Weinstein, Bronfin & Heller v. LeBlanc, 249 La. 936, 192 So.2d 130, 133-134 (1966); Union Nat. Bank of New Orleans v. Hyams, 50 La.Ann. 1110, 24 So. 774 (1898).[8] In Weinstein, the Supreme Court noted that a garnishment proceeding is a suit and a separate proceeding because it is commenced by petition and citation to get the garnishee before the court; the suit may then be litigated, followed by a judgment in accord with the evidence, with the judgment then subject to appeal. 192 So.2d at 133-134. In the *755 instant case, the respondent, the judgment creditor, is seeking to obtain a personal judgment against relator, a third party. This action is not between former spouses, who are referred to in La. R.S. 13:1401A(2)(d), and who are necessary for the subject matter jurisdiction of the family court to attach. In Hyams, the court rejected the argument that a garnishment is incidental to the main demand, and said it is only incidental insofar as a garnishment is based upon the existence of the prior suit. 24 So. at 777-778.
Although La. R.S. 13:1401B provides that the family court "has all such additional jurisdiction, power and authority now or hereafter provided by law", there are no other provisions in law that give the family court jurisdiction over the execution of its judgments through garnishment against a third party.
Respondent's argument that the family court has the inherent power to execute on its judgment based on La. C.C.P. art. 191 is without merit. Article 191 states, "A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." (Emphasis added.) The inherent power of the judiciary pertains to the administration of the business of the court and is legislative recognition of the judicial branch as an independent branch of government. See Safety Net for Abused Persons v. Segura, 96-1978, pp. 3-4 (La.4/8/1997), 692 So.2d 1038, 1041. The family court's inherent power to administer its affairs does not automatically give it the power to execute on its judgments or confer subject matter jurisdiction. The power of the family court is analogous to the power of this court to render judgments, but not to execute on them. (La. C.C.P. art. 2251 provides that "A judgment can be executed only by a trial court.") In Konrad v. Jefferson Parish Council, 520 So.2d 393, 397 (La.1988), the Louisiana Supreme Court explained the inherent powers of courts as follows:
La. Const. art. II, §§ 1 and 2 divide governmental power into three separate branches and provide that no one branch shall exercise powers belonging to the others. These sections establish the basis for the recognition of inherent powers in the judicial branch which the legislative and the executive branches cannot abridge.
Under the doctrine of inherent powers, courts have the power (other than those powers expressly enumerated in the constitution and the statutes) to do all things reasonably necessary for the exercise of their functions as courts. The doctrine is a corollary of the concepts of separation of powers and of judicial independence, in that other branches of government cannot, by denying resources or authority to the court, prevent the courts from carrying out their constitutional responsibilities as an independent branch of government. The inherent power of the judiciary is a necessary concomitant to the judicial power, but pertains to the administration of the business of the court.
The doctrine of inherent powers has been utilized to provide the power to punish for contempt, to adopt rules of practice, to regulate lawyer admission to practice and lawyer discipline, and to require the appropriation or expenditure of funds reasonably necessary for the court's functioning as a court. The doctrine exists because it is essential to the survival of the judiciary as an independent branch of government. (Citations and footnotes omitted.)
Respondent relies on La. Const. art. V, § 2, which states, "A judge may issue writs of habeas corpus and all other *756 needful writs, orders, and process in aid of the jurisdiction of his court ...." Article V, § 2 is not a grant of additional jurisdiction to the family court; it only authorizes the family court to issue writs to enforce the jurisdiction that the court already has. If the family court does not have subject matter jurisdiction for garnishment proceedings, Article V, § 2 does not grant it that jurisdiction or authorize it to issue writs for proceedings for which it has no jurisdiction.
La. C.C.P. art. 1 defines jurisdiction as "the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." The official revision comment for Article 1 states, in pertinent part:
One element of the definition of this term not usually recognized expressly in the cases, but necessarily implied, is that it is the legal power and authority of a court. This means authority under the constitutions and laws of both the state and the United States....
There is not included within this definition the power to enforce execution of the judgment rendered by the court, which is considered an integral part of the definition by some courts. See Worcester v. Georgia, [31 U.S.] 6 Pet. 515, 8 L.Ed. 483 (1832); In re Ferguson, 9 John[s]. 239[, 1812 WL 1071] (N.Y. 1812); and Dickson Fruit Co. v. District Court of Sac County, 203 Iowa 1028, 213 N.W. 803 (1927). Aside from the fact that such a definition might cause difficulty with respect to the declaratory and other types of judgments which require no enforcement, there are many valid judgments which courts have jurisdiction to render, but which they may be powerless to enforce, e.g., a judgment against a nonresident who owns no property in the state and who was served with process personally while transiently in the state. In this Code the power of a court to enforce its judgment is no element of jurisdiction except to the extent that such power is included within the phrase "legal power and authority." (Emphasis added).
La. C.C.P. art. 4831 states that:
The provisions of this Book [Book VIII] apply only to suits in trial courts of limited jurisdiction and to suits in the district courts within their jurisdiction concurrent with that of justices of the peace. Except as otherwise provided in this Book, civil proceedings in a trial court of limited jurisdiction, and the enforcement of judgments rendered therein, shall be governed as far as practicable by the other provisions of this Code. (Emphasis added.)
However, La. C.C.P. art. 4832 defines trial courts of limited jurisdiction for purposes of the Code of Civil Procedure as "parish courts, city courts, and justice of the peace courts." The official revision comments for La. C.C.P. art. 4832 address family courts, stating,
Although family and juvenile courts also may be classified as "trial courts of limited jurisdiction", the procedure in those courts is regulated by special statutes, usually providing that the general provisions of the Code of Civil Procedure apply. These courts are not included in the definition of trial courts of limited jurisdiction as used in this revision.
No statute concerning a family court provides that the general provisions of the Code of Civil Procedure apply; the only statute dealing with applicable procedure in the family court, La. R.S. 13:1402, states:
The rules of evidence, the pleadings, and other matters in the trial of cases in *757 the family court shall be the same as are provided for the trial of cases in the district courts of the state. Appeals from judgments or orders of the family court shall lie in the same manner as is provided by law governing appeals in similar matters from the district courts of the state.
The inherent power of the family court does not confer subject matter jurisdiction upon it.

DECREE
For the foregoing reasons, the writ of certiorari herein is granted and made peremptory; the judgment of the trial court that overruled the declinatory exception raising the objection of lack of subject matter jurisdiction is reversed; judgment is rendered in favor of Darlene Ransome and against Marie Ransome sustaining Darlene Ransome's declinatory exception raising the objection of lack of subject matter jurisdiction of the garnishment action; and the garnishment action by Marie Ransome against Darlene Ransome is dismissed without prejudice.[9] Marie Ransome is cast for all costs associated with her garnishment action against Darlene Ransome. This action is remanded to the family court for further proceedings in accordance with law.
WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT REVERSED AND RENDERED; REMANDED FOR FURTHER PROCEEDINGS.
CARTER, C.J., dissents with reasons.
WHIPPLE, J., dissents for reasons assigned by CARTER, C.J.
CARTER, C.J., Dissenting.
I respectfully disagree with the majority opinion. Although the majority opinion is scholarly written, in my opinion it is super-technical and in legal error.
This court previously held that the Family Court and not the Nineteenth Judicial District Court was the court of proper subject matter jurisdiction in a suit involving an alleged breach of the community property settlement agreement. Accordingly, we reversed the judgment of the Nineteenth Judicial District Court and remanded the case to the Nineteenth Judicial District Court with orders to transfer this matter to the Family Court. Ransome v. Ransome, 99-1291, p. 6 (La.App. 1st Cir.1/21/00), 791 So.2d 120, 123. Thereafter, the Family Court rendered a judgment in the suit, and a garnishment was issued pursuant to the Family Court judgment. I concede that the present dispute over garnishment of a third party is somewhat different from the original dispute. However, when LSA-Const. art. V, §§ 2 and 18, LSA-R.S. 13:1401, LSA-R.S. 13:1402 and LSA-C.C.P. arts. 191 and 4832 are considered, it is clear to this writer that the Family Court has subject matter jurisdiction over this garnishment proceeding.
The majority's interpretation of the above constitutional and statutory provisions is rigid and inflexible. I agree with the language in Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984), as follows:
The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a *758 consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
When the expressions of a law are "dubious", the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it. When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory. If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail.
446 So.2d at 1360. (Citations omitted.) I conclude that this language supports finding jurisdiction in the Family Court, rather than the majority's conclusion that there is no jurisdiction.
Finally, it is somewhat incongruous for this court, after effectively removing this case from the Nineteenth Judicial District Court to the Family Court, to now hold that the Family Court does not have subject matter jurisdiction over the garnishment proceeding emanating from its judgment. In effect, the majority opinion orders the parties to go back to the Nineteenth Judicial District Court. The lawyers and litigants must certainly feel like Ping-Pong balls in this continuing litigation.
Therefore, for the above and forgoing reasons, I respectfully dissent.
NOTES
[1] The Honorable Walter I. Lanier, Jr. (retired) is serving pro tempore by special order of the Louisiana Supreme Court.
[2] The agreement required Mr. Ransome to pay to plaintiff $20,000.00 per month, tax free, for a period beginning January 1, 1994, through December 15, 2014. The agreement also contained default/acceleration provisions and provided for attorney fees. The agreement further required Mr. Ransome to execute a security agreement whereby he pledged to plaintiff his stock certificates in Unemployment Compensation Control Systems, Inc., UCCS of Mississippi, Inc. and Compensation Specialties, Inc.
[3] An appeal of both judgments is now pending in this Court in docket number 2001CA2070. For additional background information, Ransome v. Ransome, 99-1291 (La. App. 1 Cir. 1/21/00), 791 So.2d 120.
[4] Respondent propounded interrogatories seeking information as to whether relator had in her possession or under her control any money or property belonging to Mr. Ransome, whether Mr. Ransome was indebted to relator in any capacity, what the terms of Mr. Ransome's employment were (if he worked for relator), and whether relator had ever paid any money to or on behalf of Mr. Ransome.
[5] Relator replied that she did not have any property of Mr. Ransome in her possession and that he was not an employee or indebted to relator as an employee. She objected to the interrogatory regarding whether she had paid any money to Mr. Ransome.
[6] La. C.C.P. art. 2451 states:

A. In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Articles 1421 through 1515 or as provided in Articles 2452 through 2456. B. In aid of execution of the judgment, the judgment creditor may also examine any person upon any matter relating to the judgment debtor's property, as provided in Articles 1421 through 1474.
[7] La. C.C.P. art. 2411 sets forth garnishment procedure as follows:

A. The judgment creditor, by petition and after the issuance of a writ of fieri facias, may cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to the judgment debtor and in what amount he is indebted to him, even though the debt may not be due. He may require the third person to answer categorically and under oath the interrogatories annexed to the petition within the delay provided by Article 2412.
B. The seizure shall take effect upon service of the petition, citation, and interrogatories.
C. Other than as provided in R.S. 13:3921 et seq. applicable to garnishments of wages, a garnishment shall not be continuing in nature and the garnishee need only respond as to property of the judgment debtor that the garnishee has in his possession or under his control at the time the garnishment interrogatories are served on him.
D. Notwithstanding any other law to the contrary, when the garnishee is a bank, savings and loan association, or credit union, the garnishee may continue to pay checks and drafts drawn on the judgment debtor's deposit accounts maintained with the garnishee that are presented for payment in the ordinary course of business on the day garnishment interrogatories are served upon the garnishee or on the next business day thereafter, without incurring any liability or obligation in favor of the judgment creditor or any other third party.
La. C.C.P. art. 2291 concerning writs of fieri facias states, "A judgment for the payment of money may be executed by a writ of fieri facias directing the seizure and sale of property of the judgment debtor."
[8] In Hyams, the Supreme Court ruled that garnishment proceedings taken out in a case after, and under, final judgment therein, were separate and distinct proceedings, so that they were not subject to review on an appeal from the judgment in the main suit.
[9] La. C.C.P. arts. 1673 and 1844; Bernard Lumber Co., Inc. v. Lanier-Gervais Corp., 560 So.2d 465, 467 (La.App. 1 Cir.1990).