GUIDRY, J.
| (We granted this writ application to determine whether the Family Court for the Parish of East Baton Rouge Parish retains subject matter jurisdiction over a proceeding for partition of community property, where one of the former spouses died after the partition proceeding was instituted in the Family Court. For the reasons expressed herein, we hold the Family Court no longer had exclusive subject matter jurisdiction over the partition of community property when one of the former spouses died. Thus, the Family Court erred in overruling the defendant executrix’s exception of lack of subject matter jurisdiction.
FACTS AND PROCEDURAL HISTORY
On May 29, 2009, Rose Manale McCann (hereinafter “plaintiff’ or “Ms. McCann”) filed a petition for divorce against Walter Lester McCann (hereinafter “defendant” or “Mr. McCann”) in the Family Court for the Parish of East Baton Rouge. Pursuant to a joint motion for judgment of separation of property, the Family Court on August 31, 2009, citing La. Civ.Code art. 2374(C), terminated the community of ac-quets and gains retroactively as of May 29, *546 2009.[1] A judgment 12granting the divorce was later signed on January 13, 2010, leaving the identification, valuation, management, and partition of the community property as the remaining issues in the case.
Consistent therewith, on August 17, 2009, Ms. McCánn filed in the Family Court a petition for partition of community property pursuant to La.Rev.Stat. 9:2801.[2] In her petition, Ms. McCann also moved the Family Court to appoint various experts to assist in the partition. By judgment dated January 19, 2010, the Family Court appointed a real estate expert to inventory and value the real estate held by the community. On February 8, 2010, the court appointed a financial expert to value the remainder of the property, trace the income stream, oversee the real estate expert and the valuation of the real estate, identify any assets, and evaluate and assess the pending motions of the parties.
On June 16, 2010, Ms. McCann filed a “Motion to Appoint Independent Third Party Professional to Manage the Community Owned Business and Investment Assets, for Injunctive Relief, and for Division of Monies in Community Account,” alleging that Mr. McCann had been hospitalized and was no longer capable of managing the community businesses and assets. A short time later, on June 27, 2010, Mr. McCann died.
Thereafter, on June 30, 2010, a “Notice of Filing of Succession” was filed in the Family Court suit, stating that Mr. McCann’s succession had been opened in the 19th Judicial District Court under Probate Number 91,681. On July 8, 2010, Ms. McCann filed a motion to substitute the succession executrix, Peggy |sBlackwell, the decedent’s daughter, as the party defendant in the partition proceeding. In the motion, Ms. McCann asked the Family Court to establish a case management schedule and to include the fixing of deadlines for the filing of detailed descriptive lists and other matters. On July 16, 2010, a consent judgment was signed by counsel for the parties agreeing, among other things, that the remainder of the funds would be administered by the financial expert previously appointed by the court, that the real estate expert previously appointed by the court would “run the real estate business” of the parties, with the assistance of “Karen Harvey,” meet with and regularly report to Peggy Blackwell and Rocky McCann, and that the financial expert would recommend a “financial ad-visor expert ... to advise the parties regarding community investment decisions, if necessary.”
*547 On July 23, 2010, the succession executrix filed a “Declinatory Exception of Lack of Subject Matter Jurisdiction and Motion to Transfer,” seeking to have the partition action transferred to the 19th Judicial District Court. The Family Court overruled the exception, denied the motion to transfer, and signed a judgment on September 14, 2010, substituting Ms. Blackwell, in her capacity as executrix for the succession, into the partition action as the defendant, in place of the deceased Mr. McCann.
Ms. Blackwell then sought writs in the court of appeal, which denied the application. McCann v. Blackwell, 10-1896 (La.App. 1 Cir. 1/7/11) (unpublished). However, this court granted the defendant executrix’s writ application and remanded the matter to the appellate court for briefing, argument and full opinion. 11-0244 (La.4/1/11), 60 So.3d 1240. On remand, the appellate court by a majority decision again denied Ms. Blackwell’s writ application. McCann v. McCann, 10-1896 (La.App. 1 Cir. 10/5/11), 77 So.3d 997. This court granted the writ application to consider the correctness of the lower courts’ rulings. McCann v. McCann, 11-2434 (La.1/20/12), 78 So.3d 130.
ULAW AND DISCUSSION
Ms. Blackwell asserts the Family Court of East Baton Rouge Parish erred in denying her exception of lack of subject matter jurisdiction and motion to transfer the case to the 19th J.D.C., in substituting her as the defendant in the partition proceeding, and in determining that La.Rev. Stat. 9:2801 is applicable in the partition action. There is no dispute that the Family Court had jurisdiction over the partition proceeding when it was originally instigated by Ms. McCann while Mr. McCann was still alive. Thus, the issue before us is whether the Family Court retained exclusive subject matter jurisdiction over the partition proceeding when Mr. McCann died. To answer this question, we must review the constitutional and legislative provisions governing the subject matter jurisdiction of the Family Court for the Parish of East Baton Rouge, a court of limited jurisdiction.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La.Code Civ. Proc. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La.Code Civ. Proc. art. 2. Stated another way, a court has jurisdiction over the subject matter only when the particular action falls within the class of proceedings that the court has been given the authority to hear and decide. Frank L. Maraist, 1 La. Civil Law Treatise, “Civil Procedure,” § 2:2, p. 6. That authority may come only from the law, because “[t]he jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties.” La.Code Civ. Proc. art. 3. Accordingly, a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. Id.
IsCourts are classified as courts of general jurisdiction or limited jurisdiction. Maraist, § 2:2, p. 7. Courts of general jurisdiction have the authority generally to adjudicate most kinds of actions, while courts of limited jurisdiction are established to provide expertise and expeditious handling of special types of cases. Id.
With regard to the original jurisdiction of the district courts, La. Const. art. V, § 16(A) provides as follows:
*548 (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage. (Emphasis added.)
Thus, the district courts will not have general original jurisdiction over cases relating to the partition of community property where the legislature has acted to vest such jurisdiction in the family courts.
With regard to the jurisdiction of the family courts, La. Const. art. V, § 18 provides as follows: “Notwithstanding any contrary provision of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law.” (Emphasis added). In Welborn v. 19th Judicial District Court, this court explained that the Louisiana Constitution allows the legislature to divest the district court of jurisdiction in certain types of matters. 07-1087 (La.1/16/08), 974 So.2d 1. By giving effect to the “notwithstanding” clause of Section 18 and its specific reference to Section 16, the legislature is empowered to divest the district court of | ficertain jurisdiction and vest that jurisdiction exclusively in a specialized family or juvenile court. See Welborn, 07-1087, pp. 12-13, 974 So.2d at 9.
Thus, in accordance with the constitutional provisions, the legislature has specified the jurisdiction of the Family Court for the Parish of East Baton Rouge in La.Rev.Stat. § 13:1401, which provides as follows:[3]
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdic *549 tion of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law. (Emphasis added).
| ./Therefore, under the Louisiana Constitution and the legislative pronouncements, the Family Court in this case has been granted the exclusive jurisdiction over “[a]ll actions between spouses and former spouses for partition of community property and property acquired pursuant to a matrimonial regime.” Thus, as noted previously, Ms. McCann’s petition for partition of the community property was properly filed in and entertained by the Family Court when it was originally filéd. The question before us is whether the Family Court was divested of subject matter jurisdiction when one of the former spouses died, because at that point the partition of community property and property acquired pursuant to a matrimonial regime was no longer “between spouses and former spouses” but between Ms. McCann and the succession legatees.
The lower courts resolved the question in favor of the Family Court retaining subject matter jurisdiction over the partition of community property even after Mr. McCann died. The appellate court reasoned that the partition action was properly filed in the Family Court before Mr. McCann died and that the action to partition the community property did not abate upon Mr. McCann’s death, as it was a heritable obligation rather than a strictly personal obligation. Op., pp. 547-48 (citing La.Code Civ. Proc. arts. 428, 734, 801 et seq., and Larocca v. Larocca, 597 So.2d 1000 (La.1992)). Thus, the majority continued, the Family Court retained jurisdiction over the partition action and the succession representative was the proper party to be substituted into the partition proceeding for the deceased Mr. McCann. Id., pp. 547-48. The majority rejected the contention that the Family Court has jurisdiction only over spouses, citing Spi-nosa v. Spinosa, 05-1935 (La.7/6/06), 934 So.2d 35, wherein this court held that, under the authority of La.Rev.Stat. 13:1401(A)(2)(c), the Family Court had jurisdiction over a trust, into which it was asserted that the former husband had fraudulently diverted community funds without his former wife’s permission, in order to resolve conflicts over the ^classification of assets held by the trust. Id., pp. 548-49. Finally, the majority below pointed out that, in domestic proceedings, there is an established doctrine of continuing jurisdiction, i.e., once a trial court obtains jurisdiction in a divorce or separation proceeding, it retains jurisdiction over any incidental matters connected with the original proceedings. Id. (citing *550 Golden v. Waterhouse, 41,889, p. 2 (La.App. 2 Cir. 2/28/07), 953 So.2d 927, 928 (citing Gowins v. Gowins, 466 So.2d 32, 35 (La.1985))).
We disagree with the reasoning of the majority below. The dissenting judge in our view properly focused on the limiting language in the enabling statute, La,.Rev.Stat. 13:1401. It is well established that “[t]he starting point for the interpretation of any statute is the language of the statute itself.” Foti v. Holliday, 09-0093 (La.10/30/09), 27 So.3d 813, 817 (quoting Dejoie v. Medley, 08-2223 (La.5/5/09), 9 So.3d 826, 829). Legislation, which is defined as the solemn expression of legislative will, La. Civ.Code art. 2, is to be interpreted according to the rules set forth in the Civil Code. Glasgow v. PAR Minerals Corp., 10-2011 (La.5/10/11), 70 So.3d 765, 768. The basic rule governing statutory interpretation is set forth in La. Civ.Code art. 9: “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” See also La. Rev. Stats. 1:3 and 1:4.[4]
|aThe Constitution allows for the granting of limited jurisdiction to the family courts, and the legislature has specified the parameters of that jurisdiction for the Family Court for the Parish of East Baton Rouge in La.Rev.Stat. 13:1401. In La. Rev.Stat. 13:1401(A)(2)(a), the legislature vested the Family Court with “exclusive jurisdiction” over “[a]ll actions between spouses and former spouses for partition of community property and property acquired pursuant to a matrimonial regime.” After the death of Mr. McCann, Ms. McCann’s partition action was no longer an action to partition community property or property acquired pursuant to a matrimonial regime between former spouses; instead, it became an action to partition such movable and immovable property between Ms. McCann and the succession legatees. To give effect to the statutory and constitutional language, and not render any part of that statute meaningless, we must conclude the Family Court was divested of exclusive but limited subject matter jurisdiction when one of the former spouses died. To do otherwise would be to enlarge the limited jurisdiction of the Family Court beyond that contemplated by the legislature.
We see no contradiction between our applications of La.Rev.Stat. 13:1401 today and in our recent decision in Spinosa v. Spinosa. In Spinosa, the partition action was clearly between “spouses or former spouses,” because the proceeding was between the former wife and the former husband. We held that the Family Court nevertheless had subject matter jurisdiction over the former wife’s efforts to determine whether property deposited into a trust settled by the former spouses was community property, and, if that property was found to be community, the Family Court would have jurisdiction over any proceedings regarding the former wife’s *551 claim against the trust seeking partition. In Spinosa, we recognized the specific language of La.Rev.Stat. 13:1401(A)(2)(c), which grants the Family Court exclusive jurisdiction over “all actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.” We |inreasoned that, “unlike subsections 2(a) and 2(d) of La.Rev. Stat. 13:1401 [ (A) ], the jurisdiction established by subsection 2(c) over actions for the settlement and enforcement of claims is not limited to actions ‘between spouses or former spouses.’ ” Spinosa, 05-1935, 934 So.2d at 47. Implicit in that reasoning, however, is the recognition that Subsection 2(a) of La.Rev.Stat. 13:1401(A) does explicitly limit the Family Court’s exclusive jurisdiction to “[a]ll actions between spouses and former spouses for partition of community property and property acquired pursuant to a matrimonial regime.” Indeed, that was precisely the primary action in the Spinosa case when the former wife sought to partition the community property. In the present case, although the Family Court initially had subject matter jurisdiction over Ms. McCann’s partition action, once Mr. McCann died, the partition proceeding was no longer an action to partition community property between “spouses or former spouses.... ” Accordingly, the Family Court lacked subject matter jurisdiction to entertain the partition proceeding.
CONCLUSION
For the reasons stated, we find the Family Court for the Parish of East Baton Rouge did not retain exclusive subject matter jurisdiction over the partition of community property when one of the former spouses died. See La.Rev.Stat. 13:1401(A)(2)(a). Thus, the Family Court erred in overruling the defendant executrix’s exception of lack of subject matter jurisdiction. We therefore reverse that ruling.[5]
REVERSED.
WEIMER, Justice, dissents and assigns reasons.

. Prior to its amendment by 2010 La. Acts, No. 603, § i, effective June 25, 2010, La.Civ.Code art. 2374(C) stated: ''When a petition for divorce has been filed, either spouse may obtain a judgment decreeing separation of property by a rule to show cause and upon proof that the spouses have lived separate and apart without reconciliation for at least thirty days from the date of, or prior to, the filing of the petition for divorce and have not reconciled."

. La.Rev.Stat. 9:2801(A), the basis for the instant suit filed by Ms. McCann, states in pertinent part:
When die spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding ... [to] partition the community....

. All references herein to La.Rev.Stat. 13:1401 are to the statute as it was prior to its amendment by 2010 La. Acts, No. 754, § 2, which added "and nonsupport," following "spousal and child support,” in Section (A)(1). Pursuant to Section 5 of Act 754, the provisions of the Act became effective January 1, 2011.

. La.Rev.Stat. 1:3, entitled "Words and phrases; how construed,” provides:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall” is mandatory and the word "may” is permissive.
La.Rev.Stat. 1:4, entitled "Unambiguous wording not to be disregarded,” provides:
When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.

. We need not address the defendant executrix’s lengthy arguments regarding whether the Family Court erred in ruling that La.Rev. Stat. 9:2801 is applicable to the partition proceeding as it now stands, as opposed to the codal articles governing the judicial partition of movables and immovables owned in indivi-sión. Because the partition proceeding will be transferred to the 19th Judicial District Court, the Family Court's ruling as to the applicable law is moot.