# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #025

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **3rd day of May, 2016**, are as follows:

**BY JOHNSON, C.J.**:

2015-CC-2039      TERESA WALLNER CABALLERO v. DAVID FERNANDO CABALLERO (Parish of
                  E. Baton Rouge)

                  For the above reasons, we hereby reverse the ruling of the court
                  of appeal and reinstate the Family Court's judgment, overruling
                  Home's exception of lack of subject matter jurisdiction.
                  REVERSED AND REMANDED TO THE DISTRICT COURT FOR FURTHER
                  PROCEEDINGS.

                  HUGHES, J., dissents in part and assigns reasons.

## SUPREME COURT OF LOUISIANA

## No. 2015-CC-2039

## TERESA WALLNER CABALLERO

## VERSUS

## DAVID FERNANDO CABALLERO

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF EAST BATON ROUGE

**JOHNSON, CHIEF JUSTICE**

We granted this writ application to determine whether The Family Court of East Baton Rouge Parish has subject matter jurisdiction in this garnishment proceeding filed against a third party limited liability company ("L.L.C."), in an effort by a former wife to collect a judgment on the partition of community property against her former husband. Answering that question in the affirmative, we find the court of appeal erred in sustaining the exception of lack of subject matter jurisdiction filed by the third party L.L.C.

### FACTS AND PROCEDURAL HISTORY

David Fernando Caballero ("David") filed a Petition for Partition of Property in the East Baton Rouge Family Court ("Family Court") against his former wife, Teresa Wallner Caballero ("Teresa"), seeking to partition the community property acquired during the marriage. Following a trial, the Family Court initially awarded Teresa an equalizing payment of $65,358.41, which included the court's consideration of the reimbursement claims of the parties. However, following Teresa's motion for new trial, the Family Court amended its judgment to award Teresa $1,560,878.91, which included Teresa's claim to half of David's alleged underpaid income from

1

Home Servicing, L.L.C. ("Home"). David filed a devolutive appeal from the amended judgment which is currently pending in the appellate court.

Because David did not file a suspensive appeal, Teresa sought to enforce the judgment against him. Teresa requested issuance of a writ of *fieri fascias* seizing David's alleged membership interest in Home. Teresa asserted that 56.8% of Home's membership interests were owned by Prime Acquisitions, L.L.C. ("Prime"), which was wholly owned by David. Teresa further asserted that prior to the court's amended judgment, David caused Prime to donate its interest in Home to himself via an Act of Distribution and then formally dissolved Prime. Thus, according to Teresa, all of Prime's remaining assets and liabilities devolved to David pursuant to the laws governing dissolution of limited liability companies, La. R.S. 12:1334, *et seq*. Teresa filed a notice of a corporate and records deposition, and issued a subpoena duces tecum seeking certain business records from Home. Additionally, pursuant to a Petition for Garnishment filed by Teresa, the Family Court cited Home as a garnishee and ordered it to respond to garnishment interrogatories seeking information regarding Home's financial relationship with David. Home answered all of the interrogatories in the negative, denying any employment or financial relationship with David of any kind. Based on specific information she had, Teresa believed Home's responses to the interrogatories were misrepresentations. Teresa also conducted a judgment debtor examination of David, but did not receive sufficient information regarding his assets to aid in collection of the judgment.[1]

Following limited, unsuccessful settlement discussions regarding the scope of documents to be produced pursuant to the subpoena, Home filed an exception of lack

---

[1] According to Teresa, David "failed to produce most of the requested documentation and [during the examination] testified under oath that he did not know or could not recall virtually anything about this own financial affairs."

of subject matter jurisdiction and a motion to quash the subpoena duces tecum, arguing the Family Court did not have subject matter jurisdiction over a third party in a garnishment proceeding. After a hearing, the Family Court overruled the exception of lack of subject matter jurisdiction and deferred ruling on the motion to quash.[2] Home's writ to the court of appeal was granted. The court of appeal reversed the Family Court's ruling and sustained Home's exception of lack of subject matter jurisdiction.[3] Teresa filed a writ application in this court, which we granted.[4]

## DISCUSSION

Subject matter jurisdiction is defined by our Code of Civil Procedure as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. The Louisiana Constitution grants original jurisdiction of all civil and criminal matters to the district courts, except as otherwise authorized by the constitution. La. Const. art. V, §16 (A). Our Constitution allows for the granting of limited jurisdiction to the family courts in La. Const. art. V, §18, which provides that "family courts shall have jurisdiction as provided by law." The Constitution also specifically allows the legislature to provide jurisdiction to a family court in "cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage." La. Const. art. V, §16 (A)(3). In accordance with these constitutional provisions, the legislature has specified the jurisdictional parameters of the Family

---

[2] The Family Court later denied the Motion to Quash Subpoena Duces Tecum in part and granted it in part. That ruling is not part of the writ application before this court.

[3] *Caballero v. Caballero*, 15-0938 (La. App. 1 Cir. 10/7/15) (unpub.).

[4] *Caballero v. Caballero,* 15-2039 (La. 1/15/16), 184 So. 3d 699.

3

Court for the Parish of East Baton Rouge in La. R.S. 13:1401:

A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:

(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support and nonsupport, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.

(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.

(b) All actions for the termination or modification of a matrimonial regime.

(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.

(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.

(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.

B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law.

In sustaining Home's exception of lack of subject matter jurisdiction, the court of appeal relied on its previous opinion in *Ransome v. Ransome*, wherein the court interpreted La. R.S. 13:1401 relative to a garnishment proceeding against a third party. The court of appeal explained:

La. R.S. 13:1401(A)(1) does not provide for garnishment against a third party under a judgment of the court for partition of community property, but does provide for garnishment under a judgment for spousal and child support. *See Ransome v. Ransome*, 2001-2361 (La. App. 1 Cir. 6/21/02), 822 So. 2d 746, 753. Therefore, it is clear and unambiguous that the family court does not have subject matter jurisdiction for this type of garnishment under this statutory provision. *Id.* Further, although La. R.S. 13:1401(B) provides that the family court "has all such additional jurisdiction, power and authority now or hereafter provided by law," there are no other provisions in law that give the family court jurisdiction over the execution of its judgments through garnishment against a third party. *Ransome*, 822 So. 2d at 755. We hereby reverse the May 12, 2015 judgment of the trial court denying the exception of lack of subject matter jurisdiction. The exception of lack of subject matter jurisdiction and the motion to quash subpoena duces tecum are granted.

Judge Crain concurred, noting "I am bound by *Ransome*, but believe it was wrongly decided. *See* La. R.S. 13:1401(A)(2)(c)." Judge Holdridge dissented, stating:

Louisiana Revised Statute 13:1401A (2) gives the Family Court of East Baton Rouge Parish the authority to hear "all actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this subsection." Subsection 2 gives jurisdiction to the court to. ..hear "all actions between spouses or former spouses for partition of community property." The Family Court's order to allow discovery, the deposition and to produce documents to Home Servicing L.L.C. is in accordance with La. Code of Civil Procedure article 2451 (Judgment Debtor Examinations). This article allows the judgment creditor to examine any person upon any matter relating to the judgment debtor' s property as provided by Articles 1421 through 1474 (the discovery articles). This is separate and distinct from the garnishment procedures (La. C.C.P. articles 2411, e t seq.) and this Court's decision in *Ransome*. The majority has stated no statute or jurisprudence which would prevent the Family Court in East Baton Rouge Parish from exercising jurisdiction in a discovery matter which is part of an action to enforce a judicial settlement.

The underlying facts of *Ransome* are similar to the case before us. In *Ransome*, the Family Court issued a judgment against the former husband for his breach of a community property settlement agreement. In an effort to enforce the judgment, the former wife initiated a garnishment proceeding in the Family Court against a third party, Darlene Ransome, who had represented the husband in the proceedings.[5] In

---

[5] The former wife also served garnishment interrogatories seeking information as to whether Darlene had in her possession or under her control any money or property belonging to Mr. Ransome,

response, Darlene filed an exception of lack of subject matter jurisdiction, arguing the Family Court had no power to levy garnishments against third parties. The Family Court overruled Darlene's exception of lack of subject matter jurisdiction, but the court of appeal granted her writ and reversed, concluding the Family Court did not have jurisdiction over a garnishment proceeding against a third party. In so ruling, the majority of the court of appeal first noted the Family Court had no jurisdiction under La. R.S. 13:1401(A)(1) because that provision only provided jurisdiction for garnishments under a judgment for spousal and child support. 822 So. 2d at 753. Additionally, after considering La. R.S. 13:1401(A)(2)(d), the majority stated:

> As hereinafter discussed, the garnishment action in this case is not an action "between former spouses"; it is an action between a former spouse and a third person. The language of La. R.S. 13:1401A(2)(d) is clear and unambiguous in providing that it applies to "[a]ll actions between former spouses." Pursuant to the above-cited rule of statutory construction, because this provision applies to actions between former spouses, it does not apply to actions between a former spouse and a third person.

*Id*. Finally, the *Ransome* court found no jurisdiction under La. R.S. 13:1401(B) because "there are no other provisions in law that give the family court jurisdiction over the execution of its judgments through garnishments against a third party." *Id.* at 755.

Teresa argues applying the holding of *Ransome* to this case is impractical, leads to judicial inefficiency and should not be determinative. She notes *Ransome* was not a unanimous decision and a writ was not filed with this court. Thus, she argues the issue is ripe for review and urges this court to overrule or modify *Ransome* to find the Family Court has jurisdiction over a garnishment proceeding involving third parties. By contrast, Home asserts the *Ransome* court correctly interpreted La. R.S. 13:1401

---

whether Mr. Ransome was indebted to Darlene in any capacity, the terms of Mr. Ransome's employment (if he worked for Darlene), and whether Darlene had ever paid any money to or on behalf of Mr. Ransome.

to find the Family Court does not have jurisdiction over a non-spouse third party in garnishment proceedings. Home argues La. R.S. 13:1401 was intended to give limited jurisdiction to the Family Court for disputes between spouses and no more.

To determine whether the Family Court has jurisdiction in this matter, we must start with application of La. R.S. 13:1401. Because our resolution of this particular issue involves the correct interpretation of a statute, it is a question of law, and reviewed by this court under a *de novo* standard of review. *Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev.*, 10-0193 (La. 1/19/11), 56 So. 3d 181, 187. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. Accordingly, the starting point for the interpretation of any statute is the language of the statute itself. *Thompson v. Winn-Dixie Montgomery, Inc.*, 15-0477 (La. 10/14/15), 181 So. 3d 656, 664.

Guided by these rules, we begin with examining the language of the statute. La. R.S. 13:1401(A)(1) generally provides the Family Court with exclusive jurisdiction in actions related to divorce and child custody and specifically provides for jurisdiction in certain garnishment proceedings. There is no dispute this action does not fall under the jurisdictional limits set forth in (A)(1). As the court of appeal in this case correctly noted, the garnishment against Home is not for "spousal and child support" as provided for in this section of the statute. It is also undisputed that jurisdiction is not provided to the Family Court pursuant to subsections (A)(2)(a) or (b) because this is not an action "between spouses or former spouses for partition of community property" nor an action for the "termination or modification of a matrimonial regime." Additionally, while (A)(2)(d) provides jurisdiction relative to the "enforcement of a judicial … settlement of claims," the statutory language also limits application of this

7

section to "actions between former spouses." Thus, (A)(2)(d) cannot serve as a basis for jurisdiction in this case.

Notably, however, both the court of appeal in this case, and the *Ransome* court failed to consider the language of subsection (A)(2)(c), which provides that the Family Court has jurisdiction over "**all actions for the** settlement and **enforcement of claims arising from matrimonial regimes** or the establishment thereof." (Emphasis added). Unlike (2)(a) and (2)(d), the statutory language of (2)(c) does not state a requirement that the action be between former spouses. Home argues this provision was never intended to extend Family Court jurisdiction over a non-spouse, third party and suggests that (2)(c) is intended to cover disputes wherein the parties are attempting to determine whether a matrimonial regime exists or not. We disagree.

In *Spinosa v. Spinosa*, 05-1935 (La. 7/6/06), 934 So. 2d 35, this court considered whether the Family Court had jurisdiction to decide issues arising from a former wife's petition to partition community property wherein a third-party Trust was named as a defendant, in addition to her former husband. The former wife alleged her former husband fraudulently diverted community funds to the Trust without her permission. The Trust filed an exception of lack of subject matter jurisdiction, arguing the Family Court did not have jurisdiction over an action between a former spouse and a third party. 934 So. 2d at 46-47. The Family Court overruled the exception and the court of appeal affirmed. In affirming the lower courts' rulings and finding the Family Court had jurisdiction over claims against the Trust, this court first recognized the Family Court's determination of these issues arising from the wife's claims in the partition action were well within the statutory grant of special subject matter jurisdiction to the Family Court. *Id.* at 46. We further reasoned that inherent in the partition was "the Family Court's classification of the property and its ability to enforce and settle

8

claims with regard to a matrimonial regime." *Id*. This court also noted the Trust failed to recognize the provision in (2)(c): "Unlike subsections 2(a) and 2(d) of La.Rev.Stat. § 13:1401, the jurisdiction established by subsection 2(c) over actions for the settlement and enforcement of claims is not limited to actions 'between spouses or former spouses.'" *Id.* at 47.

Moreover, in *Spinosa* this court also discussed the specific legislative history relative to (2)(c) demonstrating the legislature's intent to expand the Family Court's jurisdiction to cover such claims by its exclusion of the "between spouses and former spouses" language when that provision was incorporated into (2)(c):

> Further support for our conclusion that the Legislature intended to expand the original and special jurisdiction of the family court to cover claims like those asserted against the Trust is found in the fact that the 1999 Louisiana Legislature repealed La.Rev.Stat. § 13:1415, which following 1997 had granted the family court jurisdiction over matrimonial agreements. That provision was coincidentally repealed and incorporated in the 1999 enacted La.Rev.Stat. § 13:1401, which had previously been limited to "all actions *between spouses or former spouses* for the settlement and claims arising from a matrimonial regime or the establishment thereof." (Emphasis added). This specific inclusion of the language "between spouses and former spouses" in only two of the four enumerations of jurisdiction set forth in the current version of La.Rev.Stat. § 13:1401, coupled with the exclusion of that very same language in the other two, including subsection (2)(c), evidence the Legislature's intent to include concurrent claims against litigants other than former spouses, such as Mrs. Spinosa's claim against the Trust.

*Id*. Thus, our holding in *Spinosa* directly defeats Home's argument that (2)(c) was never intended to apply to a non-spouse, third party.

Home does not address our decision in *Spinosa*, instead relying on our subsequent decision in *McCann v. McCann*, 11-2434 (La. 5/8/12), 93 So. 3d 544. In *McCann*, a former wife filed a petition for partition of community property against her former husband in the Family Court. While the matter was pending, the former husband died and the wife filed a motion to substitute the succession executrix as the party defendant in the partition proceeding. 93 So. 3d at 546. The executrix filed an

9

exception of lack of subject matter jurisdiction, which was overruled by the Family Court. *Id*. at 547. The court of appeal denied the executrix's writ application. However, this court reversed, holding the Family Court did not retain exclusive subject matter jurisdiction over a partition of community property when a former spouse died. *Id*. at 551. We noted that by virtue of La. R.S. 13:1401(A)(2)(a), the legislature vested the Family Court with exclusive jurisdiction over "[a]ll actions between spouses and former spouses for partition of community property and property acquired pursuant to a matrimonial regime." *Id*. at 550. After the husband's death, the property to be partitioned was owned by the succession legatees. This court explained that the wife's "partition action was no longer an action to partition community property or property acquired pursuant to a matrimonial regime between former spouses; instead it became an action to partition such movable and immovable property between Ms. McCann and the succession legatees." *Id*. Thus, we concluded the Family Court was divested of subject matter jurisdiction when one of the former spouses died. *Id*. Furthermore, this court specifically found no contradiction between our applications of La. R.S. 13:1401 in *McCann* and *Spinosa*:

> In *Spinosa*, the partition action was clearly between "spouses or former spouses," because the proceeding was between the former wife and the former husband. We held that the Family Court nevertheless had subject matter jurisdiction over the former wife's efforts to determine whether property deposited into a trust settled by the former spouses was community property, and, if that property was found to be community, the Family Court would have jurisdiction over any proceedings regarding the former wife's claim against the trust seeking partition. In *Spinosa*, we recognized the specific language of La.Rev.Stat. 13:1401(A)(2)(c), which grants the Family Court exclusive jurisdiction over "all actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof." We reasoned that, "unlike subsections 2(a) and 2(d) … the jurisdiction established by subsection 2(c) over actions for the settlement and enforcement of claims is not limited to actions 'between spouses or former spouses.'" Implicit in that reasoning, however, is the recognition that Subsection 2(a) … does explicitly limit the Family Court's exclusive jurisdiction to "[a]ll actions between spouses and former spouses for partition of community property and

10

> property acquired pursuant to a matrimonial regime." Indeed, that was precisely the primary action in the *Spinosa* case when the former wife sought to partition the community property. In the present case, although the Family Court initially had subject matter jurisdiction over Ms. McCann's partition action, once Mr. McCann died, the partition proceeding was no longer an action to partition community property between "spouses or former spouses …." Accordingly, the Family Court lacked subject matter jurisdiction to entertain the partition proceeding.

*Id.* at 550-51.

We find Home's reliance on *McCann* misplaced. Rather, we are guided by our decision in *Spinosa* to resolve the issue before us. As in *Spinosa*, the primary action in this case was a partition action filed by David against Teresa in the Family Court. The Family Court had exclusive jurisdiction over that action pursuant to La. R.S. 13:1401(A)(2)(a). The Family Court issued a judgment in that action awarding monetary reimbursement to Teresa, which she sought to enforce in part by virtue of a garnishment action against Home. Based on the clear language of (2)(c), the Family Court has jurisdiction over actions to enforce this judgment because the community property partition judgment clearly arises from the matrimonial regime. Furthermore, as we held in *Spinosa*, the jurisdiction given to the Family Court pursuant to (2)(c) is not limited to actions between spouses or former spouses. Thus, we find that after the Family Court issued a judgment on the partition action, the Family Court retained jurisdiction over Teresa's action to enforce that judgment under (2)(c), even though that action involved a third party, Home.[6] To interpret La. R.S. 13:1401 otherwise would hamper judicial economy and increase expense and delay. The Family Court was granted authority by the legislature to issue an order granting an ex-spouse reimbursement in a partition action, and we find it was equally vested with the power to issue orders relative to the enforcement of its own judgment. To the extent

---

[6] Because we hold the Family Court has jurisdiction in this matter pursuant to La. R.S. 13:1401(A)(2)(c), we pretermit discussion of Teresa's argument that jurisdiction is afforded to the Family Court pursuant to La. C.C.P. art. 2451.

11

*Ransome* holds the Family Court has no jurisdiction over a garnishment proceeding filed by a former spouse against a third party seeking to enforce the Family Court's judgment on the partition of community property, it is overruled.

## CONCLUSION

For the above reasons, we hereby reverse the ruling of the court of appeal and reinstate the Family Court's judgment, overruling Home's exception of lack of subject matter jurisdiction.

## DECREE

**REVERSED AND REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS**.

05/03/16

**SUPREME COURT OF LOUISIANA**

**NO. 2015-CC-2039**

**TERESA WALLNER CABALLERO**

**VERSUS**

**DAVID FERNANDO CABALLERO**

**HUGHES, J., dissenting in part.**

I respectfully dissent in part. While discovery and judgment debtor examinations pursuant to a judgment of the family court are within its jurisdiction, I would draw the line at separate garnishment proceedings against third party defendants.